**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:

Robert P. Young, Jr.    Michael F. Cavanagh
                        Marilyn Kelly
                        Stephen J. Markman
                        Diane M. Hathaway
                        Mary Beth Kelly
                        Brian K. Zahra

FILED JULY 30, 2011

STATE OF MICHIGAN

SUPREME COURT

BEVERLY DUFFY,

  Plaintiff-Appellant,

v

No. 140937

MICHIGAN DEPARTMENT OF
NATURAL RESOURCES and STATE OF
MICHIGAN,

  Defendants-Appellees.

---

BEFORE THE ENTIRE BENCH

MARKMAN, J.

Plaintiff, Beverly Duffy, was injured while riding an off-road vehicle on what is commonly known as the Little Manistee Trail ("the Trail"). The state of Michigan owns the Trail, and the Department of Natural Resources (DNR) maintains it. Plaintiff sued both entities, and throughout this litigation has set forth various theories to avoid the grant of governmental immunity provided to defendants in the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* In the lower courts, she argued that defendants had a duty to maintain the Trail in reasonable repair pursuant to what is generally referred to as

the 'highway exception' to governmental immunity because the Trail is a "trailway" that falls within the statutory definition of "highway."  See MCL 691.1401(e); MCL 691.1402(1).  In this Court, plaintiff now contends that we should conclude that the Trail is either a "forest road" or a "road" for purposes of the GTLA and that defendants therefore have a duty to maintain this "road" pursuant to the highway exception.

Therefore, this case requires us to determine whether the Little Manistee Trail is a "highway" for the purposes of governmental immunity because the state only has a duty to maintain the Trail in reasonable repair pursuant to the highway exception if it is, in fact, a "highway" under MCL 691.1401(e).  We note that this is a question of first impression in the particular context of this case.  For although Michigan courts are familiar with the highway exception to governmental immunity, we are unaware of any case in which a person who has been injured while riding an off-road vehicle on a state trail has claimed that the trail constitutes a "highway" for purposes of the highway exception.

We conclude that the Trail is not a "highway" under MCL 691.1401(e).  The Trail is properly classified as a "trailway" within the distinct meaning of that word in Michigan's statutory law, and this "trailway"-- which is miles away from any highway-- is not within the scope of the highway exception because it is not a "trailway . . . on the highway."  *Id.*  Furthermore, because the Legislature determined that only trailways on the highway are deemed highways, and because this Trail therefore is clearly not a highway, we refuse plaintiff's invitation to avoid the statute and make the Trail into a highway by calling it a road.  In summary, all roads, forest roads, trails, trailways, and

2

highways in this case lead to the conclusion that plaintiff's claim is barred by governmental immunity. Accordingly, we affirm the judgment of the Court of Appeals.

## I. FACTS & HISTORY

Plaintiff, together with her husband and friends, were riding off-road vehicles (ORVs) on the Little Manistee Trail, located in Lake County. Just as plaintiff was about to negotiate a left turn, she ran over some exposed wooden boards that had been partially buried. This caused her ORV to bounce into the air, throwing plaintiff against nearby tree trunks and resulting in serious spinal injuries.

The Trail serves mixed uses, and the DNR has designated it variously as an "ORV route," an "ORV trail," and a "snowmobile trail." Plaintiff was injured on the portion of the Trail designated as an "ORV route," which signifies that any licensed motor vehicle can operate on that part of the Trail. The Trail is part of a comprehensive system of recreational trailways, which by statute the DNR is obligated to maintain and manage for off-road vehicles. See MCL 324.81123. The state funds the ORV Trail Improvement Fund through the state treasury, and the DNR is authorized to provide grants to local units of government, nonprofit agencies, and individuals to maintain this system of trails, routes, and forest roads. The Little Manistee Trail is maintained by the Irons Area Tourist Association, a nonprofit corporation.

Plaintiff sued defendants on the basis of the highway exception to governmental immunity.[1] Defendants moved for summary disposition, arguing that the Trail is not a

---

[1] In a separate action arising out of the same incident, plaintiff sued the carrier of her no-fault automobile policy for no-fault benefits. *Duffy v Grange Ins Co of Mich*, unpublished opinion of the Court of Appeals, issued September 21, 2010 (Docket No.

3

"highway" and, as a result, that they had no duty to maintain it in reasonable repair pursuant to the highway exception. The trial court denied this motion, ruling that the Trail fits within the definition of a "highway" in MCL 691.1401(e), which specifically includes "trailways." According to the trial court, "there is no dispute that the Little Manistee is a trailway," and it proceeded to hold that defendants were not exempt from the duty to maintain the Trail. The Court of Appeals reversed. *Duffy v Dep't of Natural Resources*, unpublished opinion per curiam of the Court of Appeals, issued March 9, 2010 (Docket No. 289644). The Court of Appeals agreed with the trial court that the Trail is properly classified as a "trailway" and falls within the definition of "highway" in MCL 691.1401(e). According to the Court of Appeals, "[t]here can be no real dispute that this is a trailway . . . ." *Id*. at 3. However, the panel concluded that the limited liability granted to the state in MCL 691.1402(1) applies to *all* trailways. As a result, it ruled that the highway exception did not apply to plaintiff's suit. Plaintiff then filed an application for leave to appeal, which this Court granted. *Duffy v Dep't of Natural Resources*, 488 Mich 861 (2010).

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 40; 709 NW2d 589 (2006). Matters of statutory interpretation are also reviewed de novo. *Id*.

---

290198) (reversing the trial court's order granting summary disposition to the defendant-insurance carrier and remanding for further proceedings).

4

III.  HIGHWAY EXCEPTION TO GOVERNMENTAL IMMUNITY

The GTLA shields a governmental agency from tort liability "if the governmental agency is engaged in the exercise or discharge of a governmental function."[2]  MCL 691.1407(1).  The existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency.  This case concerns the highway exception to governmental immunity, MCL 691.1402(1), which provides in relevant part:

> [E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.  A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.  The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in [MCL 224.21].  The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

The reference to "trailways" in the fourth and final sentence was added by 1999 PA 205.

The GTLA further provides in MCL 691.1401(e) its own definition of "highway," which states that

---

[2] A governmental agency is "the state or a political subdivision."  MCL 691.1401(d).  The state, in turn, includes "the state of Michigan and its agencies, departments, [and] commissions . . . ."  MCL 691.1401(c).  Thus, both defendants-- the state and the DNR-- are within the provisions of the GTLA.

5

[as] used in this act:

* * *

(e) "Highway" means a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles.

The inclusion of "trailways" in the definition of "highway" was also done in 1999 PA 205. The GTLA does not define other terms in MCL 691.1401(e), including in particular "road" or "trailways."

Although this Court has never before considered the exact issues presented in this case, it has on many occasions interpreted the highway exception. See, e.g., *Robinson v City of Lansing*, 486 Mich 1; 782 NW2d 171 (2010); *Grimes v Dep't of Transp*, 475 Mich 72; 715 NW2d 275 (2006); *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000); *Suttles v Dep't of Transp*, 457 Mich 635; 578 NW2d 295 (1998). These decisions are instructive and offer some general principles to guide us.

First, this Court has recognized that the language of the highway exception is not altogether clear. Indeed, we have described the highway exception as "problematic," *Nawrocki*, 463 Mich at 167 n 24, and have noted that its language is "confusing for several reasons," *Suttles*, 457 Mich at 643 n 5 (citation and quotation marks omitted). In *Grimes*, 475 Mich at 78, we identified a particular problem in the act, which we encounter again today-- that is, "[b]eyond defining the term 'highway,' the GTLA does not define [the] additional terms [in MCL 691.1401(e)]." The absence of statutory definitions for these terms is particularly troublesome in this case because not only are "road" and "trailway" undefined by the GTLA, but "trailway" is undefined in many

6

general dictionaries as well. In determining whether defendants have a duty to maintain the Trail in reasonable repair because the Trail constitutes a "highway," we remain cognizant of the challenges presented by the drafting of the highway exception and mindful that we are "[c]onstrained to apply the statutory language as best as possible as written . . . ." *Nawrocki*, 463 Mich at 171.

Second, as we recently explained in *Robinson*, 486 Mich at 8 n 4, we know that MCL 691.1402 and MCL 691.1401 must be read together as a single law:

> "It is elementary that statutes *in pari materia* are to be taken together in ascertaining the intention of the legislature, and that courts will regard all statutes upon the same general subject matter as part of 1 system." *Dearborn Twp Clerk v Jones*, 335 Mich 658, 662; 57 NW2d 40 (1953). In this case, both MCL 691.1401 and MCL 691.1402 are in the GTLA, MCL 691.1401 immediately precedes MCL 691.1402, and MCL 691.1401 expressly [defines several terms] "[a]s used in this act . . . ."

See also *Remus v Grand Rapids*, 274 Mich 577, 581; 265 NW 755 (1936) ("In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law.") (citations and quotation marks omitted). But cf. *Grimes*, 475 Mich at 85 (in which we "decline[d] to consult the definitions contained in the [Michigan Vehicle Code] to inform our construction regarding the scope of the highway exception [in the GTLA]," warning that relying on "an unrelated statute to construe another is a perilous endeavor to be avoided by our courts").

When MCL 691.1402(1) and MCL 691.1401(e) are read *in pari materia*, it is clear that all governmental agencies have a duty to maintain highways within their jurisdiction

7

in reasonable repair, but that this duty only extends to "highways" that fall within the definition of "highway" in MCL 691.1401(e). In addition, if the governmental agency is the state or a county road commission, as is the case here, the Legislature has further constricted the scope of the highway exception by limiting the *portion* of the highway covered by the exception. That is, these agencies have no duty under the highway exception to maintain "sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel," MCL 691.1402(1), even though sidewalks, trailways, and crosswalks are included within the definition of "highway." The duty of municipalities and townships is not similarly limited.

Accordingly, determining whether the highway exception to governmental immunity applies to the facts of this case is a two-pronged inquiry. First, in order for defendants to have a duty to maintain the Little Manistee Trail in reasonable repair, the Trail must fall within the definition of "highway" set forth in MCL 691.1401(e), which again is "a road . . . that is open for public travel" and "includes . . . trailways . . . on the highway." Second, if the Trail is a "highway," defendants only have a duty to maintain it in reasonable repair if the Trail is part of the highway included within the limited duty of the state and county road commission. MCL 691.1402(1). Concerning the first prong, plaintiff argues that the Trail falls within the definition of "highway" in MCL 691.1401(e) because it is a "road"; alternatively, she argues in support of the lower courts' determinations that the Trail is a "trailway." Concerning the second prong, plaintiff argues that, as a "road," the Trail is not excluded from defendants' duty by MCL 691.1402(1) and, alternatively, that the limitation on the state's duty in MCL 691.1402(1)

8

applies only to "trailways . . . outside of the improved portion of the highway designed for vehicular travel," not to *all* trailways, as the Court of Appeals concluded.

## IV. TRAIL NOT A "HIGHWAY"

We now address the threshold question whether the Little Manistee Trail is a "highway" under MCL 691.1401(e). Neither party contends that the Trail could fall within the highway exception as anything other than a "road" or a "trailway." Although plaintiff originally argued that the Trail was indisputably a "trailway," and although both lower courts treated this issue as equally undisputed, in her appeal in this Court, she belatedly challenges this classification, arguing instead that the Trail is a "road" for purposes of the GTLA.[3] We consider and reject both of plaintiff's arguments. First, we conclude that the Trail is a "trailway" within the distinct meaning of that word in Michigan's statutory law. Second, we conclude that the Trail is not a "trailway" covered under MCL 691.1401(e).

The following information about the Trail is relevant in determining its classification under the GTLA. As stated previously, the Trail is on land owned by the state, and it is maintained by and under the jurisdiction of the DNR. The Little Manistee

---

[3] Because consideration of plaintiff's new argument is necessary to the proper determination of this case, we will address this issue. *Dation v Ford Motor Co*, 314 Mich 152, 160-161; 22 NW2d 252 (1946) ("When consideration of a claim sought to be raised is necessary to a proper determination of a case, [the] rule [that unpreserved issues are waived] will not be applied."). In reaching this determination, we note that the proper classification of the Trail is an issue that "has been adequately presented and briefed," *Perin v Peuler (On Rehearing)*, 373 Mich 531, 534-535; 130 NW2d 4 (1964), overruled on other grounds by *McDougall v Schanz*, 461 Mich 15 (1999), and that "the question is one of law, and all of the facts necessary for its resolution have been presented," *Kahn-Reiss, Inc v Detroit & Northern S & L Ass'n*, 59 Mich App 1, 12; 228 NW2d 816 (1975).

9

Trail is one of four trail systems within Lake County, which bills itself as "Michigan's Outdoor Recreational Paradise" and actively promotes its more than 300 miles of trailways. A DNR witness, who specialized in the development and maintenance of forest roads and trails, provided an affidavit that stated:

> The Little Manistee Trail & Route (also Snowmobile Trail #344E and #35) are located in part of Newkirk and Cherry Valley Townships in Lake County in the State of Michigan. The Little Manistee Trail and Route is open for ORV and motorcycle use when passable throughout the year. In the winter, from December 1 to March 31, it is also used as designated snowmobile trail, No. 344 and No. 35. The Trail and Route are primarily used year around for recreational vehicle riding purposes. Other wheeled vehicular use of the Route (Forest road) would be an allowed but secondary use.

Thus, according to the DNR, the Trail is both a "trail" and a "route." Plaintiff's accident occurred on the portion of the Trail that is considered a "route." Furthermore, according to the DNR, the Trail permits mixed uses. The Trail is "primarily" used for recreational vehicle riding purposes, and to that end, ORVs are permitted on all portions of the Trail year-round when passable (the Trail is not plowed in the winter), and snowmobiles are permitted in the winter. As a "secondary use," licensed four-wheel conventional vehicles are permitted on the "route" portion. Pictures included in plaintiff's index show signage reflecting these various uses, including a sign for "Mixed Traffic" and a weight-limit sign that permits trucks with more than one axle. These pictures show the Trail as an unpaved dirt path that has no shoulder, directly abuts dense forest, and appears wide enough to allow one lane of conventional traffic.

10

## A. TRAIL AS A "TRAILWAY"

MCL 8.3a instructs that when a nontechnical word is not statutorily defined, it "shall be construed and understood according to the common and approved usage of the language . . . ." However, construing the elusive word "trailway" according to its "common and approved usage of the language" proves to be a difficult, if not impossible, task. As mentioned, not only is "trailway" not defined by the GTLA, but it is not defined in most general dictionaries either.[4] This case, therefore, presents the unusual situation in which there is apparently *no* "commonly approved" meaning of a word that the Legislature chose to employ in a statute, and yet the Legislature did not define the word in that statute.

It is thus necessary to look outside the GTLA in order to discern the meaning of "trailway" likely intended in MCL 691.1401(e). When we do, we find one statute to be of particular relevance: the Michigan trailways act, MCL 324.72101 *et seq.*, the only Michigan statute that explicitly creates "trailways" and that provides the law governing "trailways." The act was added as part of the Natural Resources and Environmental Protection Act (NREPA) in 1995 to provide for a statewide system of trailways on lands "owned by the state or a governmental agency," MCL 324.72103(1)(a), "for public enjoyment, health, and fitness; [to] encourage constructive leisure-time activities; . . . [and to] enhance the local and state economies," MCL 324.72102. The act defines

---

[4] The most pertinent definition available is for the word "trail," which is defined as "a path or track made in overgrown or rough terrain by the passage of people or animals." *Random House Webster's College Dictionary* (1997).

11

"trailway" in part as a "land corridor that features a broad trail capable of accommodating a variety of public recreation uses." MCL 324.72101(k).

We are persuaded that when the Legislature added "trailway" to the highway exception in 1999 without defining the word, it likely intended "trailway" to be construed according to the already-existing definition in the statute specifically devoted to trailways. While relying on "an unrelated statute to construe another is a perilous endeavor to be avoided by our courts," *Grimes*, 475 Mich at 85, this case simply does not allow us to avoid the Michigan trailways act. We believe therefore that it is both necessary and proper to look to the act's definition of "trailway" because there is no alternative definition. Furthermore, the chronology of relevant enactments, as well as the trailways act's exclusive focus on *trailways*, leads us to believe that the Legislature must have intended that the definition of "trailways" in MCL 324.72101(k) would apply to other invocations of trailways in Michigan law, and specifically to that term as used in the highway exception. In short, although this Court will not invariably borrow language or meaning from one statute in order to provide meaning to another when those statutes are not *in pari materia*, this case presents us with such an instance.

Accordingly, we apply the definition of "trailways" provided in the trailways act to MCL 691.1401(e), and conclude that the Little Manistee Trail falls squarely within this definition; it is a "land corridor that features a broad trail capable of accommodating a variety of public recreation uses." MCL 324.72101(k). It is a "broad trail," an unpaved dirt trail that has no shoulder, directly abuts dense forest, and appears wide enough to allow one lane of conventional traffic. And a defining characteristic of the Trail is its capacity to "accommodat[e] a variety of public recreation uses." All types of ORVs are

permitted year-round on the Trail, and snowmobiles are permitted in the winter. Moreover, the Little Manistee Trail falls within the broader ambit of the trailways act. It is located on state-owned land and is part of a statewide system of trailways designed "to provide for public enjoyment, health, and fitness; encourage constructive leisure-time activities; . . . [and] enhance the local and state economies," as is evident by the active promotion of the Trail for recreation and tourism. MCL 324.72102.

It is unclear whether plaintiff and the dissent would disagree with the conclusion that the Little Manistee Trail falls within the definition of "trailway" in part 721 of NREPA, for both appear to have overlooked this definition. Indeed, the dissent never even attempts to give meaning to "trailway" as used in the highway exception and, in this way, is entirely unresponsive to this opinion. This lack of response is remarkable for several reasons, not the least of which is that in the lower courts it was *undisputed* that the Trail was a "trailway," and plaintiff herself still maintains that this is so. This lack of response also highlights the critical flaw in the dissent's approach to the highway exception.

To understand our differing approaches-- and why we believe that ours is the better one-- we begin with one point of agreement between our opinions. We both agree that "the resolution of this case hinges on the meaning of 'highway' . . . ." *Post* at 9. Recognizing this, both opinions also quote MCL 691.1401(e), which in defining "highway" plainly includes both "roads" and "trailways." We part ways with the dissent,

13

however, with our altogether routine determination that we must give meaning to *all* statutory terms in MCL 691.1401(e)-- specifically, to *both* "road" and "trailway."[5]

In accordance with this approach to interpretation, we consider plaintiff's belated challenge to the lower courts' rulings that the Little Manistee Trail was a "trailway." Plaintiff now argues in the alternative that the Trail is a "road." Because "road," like "trailway," is not defined in the GTLA, it "shall be construed and understood according to the common and approved usage of the language . . . ." MCL 8.3a. Unlike "trailway," however, the meaning of "road" is well understood and is found in any dictionary. Its meaning is captured sufficiently, in our judgment, by this definition: a "road" is "a leveled or paved surface, made for traveling by motor vehicle . . . ." *Random House Webster's College Dictionary* (1997).

Although the Little Manistee Trail is "a leveled surface," it does not fall within the common definition of "road" because it is not "made for traveling by motor vehicle." Rather, according to the DNR expert's uncontroverted testimony, its primary purpose and use is for recreational vehicles, and this purpose eclipses the highly limited use of the Trail by motor vehicles.[6] The recreational use of the Trail is so totally defining that we

---

[5] First principles of interpretation mandate this approach. See *People v Jackson*, 487 Mich 783, 791; 790 NW2d 340 (2010) ("When considering the correct interpretation, the statute must be read as a whole."); *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) ("As far as possible, effect should be given to every phrase, clause, and word in the statute."). Thus, contrary to the dissent's assertion, our analysis of "trailway" is hardly an "expedition" that "ignores [our] duty to first analyze the language of the statute that is at issue." *Post* at 9-10.

[6] Although the dissent challenges the accuracy of this testimony, *post* at 7, plaintiff herself, who, of course, was using the Trail for recreation purposes when she was injured and thus is quite familiar with its use, did not challenge it. The dissent next errs by

14

can easily understand why no party in the lower courts even considered that the Trail might be a "road"-- i.e., "a leveled or paved surface, made for traveling by motor vehicle." Thus, when comparing the definition of "trailway," which specifically refers to the Trail's defining characteristic-- its capacity to "accommodate a variety of public recreation uses"-- and the definition of "road," which clearly does not refer in any way to the Trail's defining characteristic as a recreational trail, it is apparent that the Little Manistee Trail is properly characterized as a "trailway," not a "road."

The dissent's conclusion that the Trail is a "road," which it reaches without even considering the meaning of "trailway," violates principles of statutory interpretation, is grounded in faulty logic, and contravenes the Legislature's manifest intent in drafting MCL 691.1401(e).[7] It is axiomatic that "every word [in the statute] should be given meaning, and we should avoid a construction that would render any part of the statute

_____

calling this evidence "immaterial" and claiming that there is "no statutory basis for distinguishing between primary and secondary uses of a road." *Post* at 7-8. The dissent sees no such statutory basis because it abruptly cuts short its analysis of MCL 691.1401(e) and does not even seek to give meaning to the term "trailway." If the dissent had interpreted the statute in its entirety, and gave reasonable meaning to the term "trailway," it would recognize that what distinguishes roads and trailways at their core is that the former are primarily used for motor vehicles and the latter are primarily used for recreation. Thus, in order to properly determine whether the Trail is better, and more precisely, characterized as a road or a trailway, we must consider how it is actually used.

[7] The dissent extols its interpretive approach because it is "straightforward," "simple," and leads to an easy resolution. *Post* at 1, 2, 13. We do not doubt that our task would also be made easier if, like the dissent, we did not even attempt to ascertain what the Legislature intended when it added "trailway" to the highway exception. We too might find this to be a "vanilla case of statutory interpretation that is easily resolved," if afforded that luxury. *Post* at 12. However, we are required to interpret statutes in their *entirety* in the most reasonable manner possible.

15

surplusage or nugatory." *People v Peltola*, 489 Mich 174, 181; ___ NW2d ___ (2011) (citations and quotation marks omitted). It is also axiomatic that "where a statute contains a general provision and a specific provision, the specific provision controls." *Gebhardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994). Yet the dissent does not even attempt to give effect to the narrower provision "trailway," even though the Legislature's use of both "road" and "trailway" demands that we accord each term its proper meaning and apply the more precisely pertinent term.[8] Indeed, the dissent's interpretive approach raises the obvious question: Why would this Court, or any court, when offered the choice between applying two statutory terms in resolving a dispute, choose the *less* applicable term?[9]

The dissent's response is that our interpretation renders "surplusage" the definition of "road." *Post* at 10. This response reveals the illogic of the dissent's approach. As this case illustrates, a "trailway"-- i.e., a "land corridor that features a broad trail capable of accommodating a variety of public recreation uses"-- will often fall within the broad

---

[8] Further, considering the structure of MCL 691.1401(e), it is evident that "trailway" is a more specific or limited term than "road." First, there are many more transportational ways, or thoroughfares, that fall within "road" than within "trailway"; indeed, virtually every term contained within the highway exception-- highway, street, bridge, crosswalk, and culvert-- will under many circumstances fall within the definition of "road." Second, under MCL 691.1401(e), every road open for public travel is a "highway," while a "trailway" is only included within "highway" if it is actually "on the highway."

[9] The dissent is correct that "the big question" in this case is whether "the Trail [is] a 'trailway' or a 'road' within the intent of the statute[.]" *Post* at 11. Recognizing this, how can the dissent think that it has properly addressed this question when it nowhere even considers the meaning of "trailway"? Essentially, this case requires us to determine whether an entity is better characterized as A or B. The dissent avoids any analysis whatsoever of B, and merely asserts peremptorily about the entity, "It is A."

16

definition of "road"-- i.e., "a leveled or paved surface, made for traveling by motor vehicle." But the converse does not hold true. That is, while a "trailway" will often be a "road," a "road" will only infrequently be a "trailway." Thus, one consequence of the dissent's conclusion that the Trail is a "road" is that "road" would essentially consume "trailway" in MCL 691.1401(e), and genuinely render "trailway" "surplusage." There is no equivalent risk in concluding that the Trail is a "trailway" that "road" could be rendered a nullity. Indeed, our opinion accords full meaning to both "road" and "trailway." It defines both terms, and it ultimately characterizes the Trail as a "trailway" because the latter is the more specific term. To first define the broader term, as the dissent does, in no way dispenses with the need also to define the narrower term; by contrast, defining the narrower term *does* dispense with the need also to define the broader term.[10] In sum, our interpretation does not render any part of MCL 691.1401(e) surplusage.

Finally, the dissent justifies its avoidance of "trailway" by reasoning that "even if the Trail is not a 'covered trailway,' as the majority concludes, it certainly is a road." *Post* at 10. That is, the Trail can still be a "road," and thus a "highway," even if it is a "trailway," but not a "trailway on the highway." However, this directly contradicts what the Legislature stated in MCL 691.1401(e). Under that provision, there are two sets of terms that fall within "highway." First, there are public highways, roads, and streets that

_____

[10] The virtue of this approach is illustrated by the previous discussion, in which we conclude that the term "trailway" constitutes a more precise fit in characterizing the Trail than does the term "road." As a matter of logic, what is true in this case would seem to hold true in almost all cases, to wit, that the narrower and more specific term will constitute a better fit than the broader and more general term.

17

are open for public travel.  These are always "highways."  Second, there are structures that are "included" as highways-- "bridges, sidewalks, trailways, crosswalks, and culverts on the highway."  In order to be "included" as a highway, a trailway in particular must be *on the highway* and, if it is not, that trailway is *not* a highway.  The language and organization of MCL 691.1401(e) make this plain, yet the dissent would contravene the statute and transform a trailway that is not on a highway-- and thus is *not* a highway-- into a highway by calling it a road, all without first considering whether the Trail at issue is best, and most precisely, characterized as a trailway.  In sum, the Legislature determined that roads and trailways are not the same for purposes of the highway exception, in the sense that only *certain* trailways would be deemed highways.  Thus, once this Trail has been most precisely and accurately classified as a trailway, it cannot be a road.

Plaintiff posits one more argument to challenge our conclusion that the Trail is a trailway.  She urges us to supplement-- or perhaps more accurately, to supplant-- the common understanding of "road" with a definition of "forest road" in NREPA, arguing that the Trail is a "forest road" or a "road" under this definition.  NREPA defines "forest road" as "a hard surfaced road, gravel or dirt road, or other route capable of travel by a 2-wheel drive, 4-wheel conventional vehicle designed for highway use, except an interstate, state, or county highway."  MCL 324.81101(f).[11]  Plaintiff's reliance on this definition is unavailing for several reasons.  To begin with, it is unnecessary to turn to this definition

---

[11] A "forest road" is distinguished from a "forest trail" by the width of vehicle that can travel on it.  See MCL 324.81101(g), which defines a "forest trail" as "a designated path or way capable of travel only by a vehicle less than 50 inches in width."

because "road" is a common and familiar word. It is difficult to think of a word that is more easily "understood according to the common and approved usage of the language . . . ." MCL 8.3a. Plaintiff's invocation of NREPA's definition of "forest road" runs contrary to first principles of interpretation because (1) there is nothing "common" about NREPA's technical and specific definition of "forest road" and (2) relying on this unrelated definition is altogether avoidable in light of more commonplace definitions. *Grimes*, 475 Mich at 85.[12]

Further, even looking past this threshold problem, we are not persuaded that the definition of "forest road" is applicable to the highway exception. MCL 324.81101(f) defines a "*forest* road," while the GTLA defines "highway" to encompass only "roads," and "roads" have been included within the definition of "highway" in MCL 691.1402(1) since the GTLA was first enacted in 1964. Together, these facts suggest that the Legislature that enacted the GTLA and included "road" within the highway exception could not have intended that the definition of "forest road" would be used to give meaning to "road," because that definition did not even exist when "road" was incorporated into the GTLA. Conversely, it would seem odd that the Legislature that enacted the specific definition of "forest road" would have intended it to apply generally to all "roads" in Michigan, including all "roads" referenced in the highway exception.

---

[12] These factors highlight the differences between relying on NREPA's definitions of "trailway" and "forest road." There is no other alternative available definition of "trailway," yet the definition of "road" is easily ascertained. Further, the definition of "trailway" is general and provides insight into its common meaning, while the definition of "forest road" is technical and specific, and provides little insight into the common meaning of "road."

However, we need not engage in speculation about this, because the Legislature affirmatively foreclosed the possibility that the definition of "forest road" could be imported into the highway exception by crafting that definition to *distinguish* between "forest roads" and those "highways" that come within the scope of the highway exception. Again, MCL 324.81101(f) defines "forest road" as "a hard surfaced road, gravel or dirt road, or other route capable of travel by a 2-wheel drive, 4-wheel conventional vehicle designed for highway use, *except an interstate, state, or county highway*." (Emphasis added.) State and county highways-- those structures of transportation that are most indisputably *within* the highway exception-- are expressly excluded from the definition of "forest roads." Thus, the Legislature reasonably and clearly indicated that a "forest road" is not a typical "road," a conclusion that merely underscores the obvious fact that NREPA defines a "*forest* road," while the definition of "highway" in the GTLA speaks only of "roads." In summary, we have little difficulty in concluding that the Little Manistee Trail is properly characterized as a "trailway," not a "road," under the highway exception.[13]

---

[13] As further support of our interpretation, we take note of the complete absence of caselaw in support of plaintiff's argument that a recreational trail is a road for purposes of the highway exception. We are unaware of a single case in which a person injured while riding an ORV on a state-owned trail has ever sued the state on the theory that the state had a duty to maintain and repair the trail under the highway exception because it was a "road." This, despite the near certainty that others before plaintiff have also been injured while riding an ORV on a state trail, and the fact that there has never been a previous definition of "highway" that would have precluded those persons from offering the same argument that plaintiff does. The absence of caselaw underscores the fact that the state has *never* been held to have a duty under the highway exception to maintain and repair recreational trails that permit ORVs and snowmobiles. It also underscores that the

## B. TRAIL NOT A COVERED "TRAILWAY"

After concluding that the Trail is properly classified as a "trailway," we next address whether this "trailway" falls within the definition of "highway" in MCL 691.1401(e)-- that is, whether it is a "a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway." We conclude that it is not. This definition does not include within its scope *all* trailways, but includes only those "trailways" that are "on the highway." The Little Manistee Trail is not "on" the highway, and it is not "adjacent to" the highway; in fact, it is miles away from any highway. Therefore, it is not a "trailway" covered by MCL 691.1401(e) and thus not a "highway" for purposes of the highway exception to governmental immunity.

This interpretation is compelled by the final clause of MCL 691.1401(e), "on the highway," which, when properly applied, makes clear that the definition of "highway" includes "bridges, sidewalks, trailways, crosswalks, and culverts," but only those "bridges, sidewalks, trailways, crosswalks, and culverts" that are "on the highway." In applying this limiting clause to the entire preceding list of installations within the definition of "highway," we follow the established *exception* to the general rule of statutory construction known as the 'last antecedent' rule. This "rule of statutory construction provides that a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, *unless*

---

pertinent changes to the highway exception that explain why this case is before us now are the 1999 amendments that added "trailway" to the GTLA.

*something in the statute requires a different interpretation.*" *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002) (emphasis added). In MCL 691.1401(e), there are two indications that a different interpretation is required, and both direct us to follow the exception rather than the general rule and apply the restrictive clause to each of the preceding terms.

First, the structure and context of MCL 691.1401(e) indicate that a different interpretation is required. As previously discussed, there are two sets of terms that fall within its definition of "highway." There are "public highways, roads, or streets that are open for public travel." And there are those terms that are "include[d]" as highways-- "bridges, sidewalks, trailways, crosswalks, and culverts on the highway." While there is nothing surprising about including the first class of terms in the definition of "highway," the average reader might well not expect to find the terms listed in the second class. However, the context of the sentence makes clear why these latter terms are considered within the scope of "highways." Namely, all the terms listed in this second class bear some relationship to the highway. The modifying clause, "on the highway," establishes this relationship. Accordingly, to give proper meaning to MCL 691.1401(e) as gleaned from its structure and context, the clause "on the highway" must be applied to *all* the terms that are "include[d]" within the second class of highways-- "bridges, sidewalks, trailways, crosswalks, and culverts."

The second reason to follow the exception to the last-antecedent rule in interpreting MCL 691.1401(e) is that the interpretation reached by applying the general rule would be grammatically incorrect. That is, when the restrictive clause "on the highway" is applied to only its last antecedent, "culvert," an awkward and unreasonable

22

reading results because there are no culverts "on" the highway. "Culvert" is not defined by statute, but its common definition is "a drain or channel crossing *under* a road, sidewalk, etc; sewer, conduit." *Random House Webster's College Dictionary* (1997) (emphasis added). However, while "on" is not the grammatically correct preposition to apply to a "culvert," other terms listed as "included" in the definition of "highway," such as "crosswalks" and "bridges," are normally understood to be "on" the highway.

We are "[c]onstrained to apply the statutory language as best as possible as written . . . ." *Nawrocki*, 463 Mich at 171. In this case, the constraints created by the highly imperfect drafting of MCL 691.1401(e) require us to apply the modifying clause "on the highway" to *all* the terms listed as "included" as "highways," and, in doing so, give these words proper grammatical effect. See *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999) (stating that "statutory language must be read and understood in its grammatical context"). Accordingly, because it is grammatically anomalous to say that a "culvert," "sidewalk," or "trailway" is "on" the highway,[14] prepositions that more precisely describes these areas' relationship to the highway must be used to give this sentence proper grammatical meaning. Thus, a "highway," as defined by MCL 691.1401(e), includes a "culvert" "under" the highway; a "sidewalk" "adjacent to" the highway; and importantly, a "trailway" "adjacent to" the highway.

---

[14] While imprecise in a grammatical sense, the Legislature's use of "on" makes some sense in communicating a legislative intention that all the terms listed bear some relationship to the highway. If the Legislature had intended "on the highway" to apply only to "culvert," it would not have chosen "on," given that "under" is the preposition that accurately describes the specific relationship between that type of structure and the highway.

23

In conclusion, in drafting the statutory definition of "highway" in MCL 691.1401(e), the Legislature created two classes of terms that are considered "highways"-- (1) those terms that are "highways" per se, i.e., a "public highway, road, or street that is open for public travel," and (2) those terms "included" as highways, such as "bridges, sidewalks, crosswalks, and culverts," but only if they are "on the highway." Notably, when the Legislature amended the definition of "highway" in 1999 to add "trailways," it added this term to the second category of covered structures, each of which is modified by "on the highway." If the Legislature had intended that *all* trailways-- no matter where they are located and irrespective of their relationship to the highway-- should be considered highways, it would have added "trailways" to the first category of covered structures. But it did not.

By including "on the highway" in MCL 691.1401(e), the Legislature limited the universe of "bridges, sidewalks, trailways, crosswalks, and culverts" that are considered "highways" for purposes of the highway exception. This limitation is perfectly reasonable because it would be odd if a sidewalk in the middle of a meadow or a *trailway in the middle of a forest*, neither of which is anywhere near a bona fide highway, were considered a "highway" for purposes of governmental immunity. Therefore, it is important to give effect to this essential limiting clause, no matter how inartfully worded.[15]

---

[15] The Court of Appeals reached the same result, albeit on different grounds. The Court reasoned that the Trail as a "trailway" *was* a "highway" under MCL 691.1401(e) but determined that the state was exempted from liability for *all* trailways by MCL 691.1402(1). Although we rest our decision on the threshold determination that the Trail

## V. CONCLUSION

The questions of statutory interpretation presented in this case are of first impression and, as with many cases involving the highway exception to governmental immunity, present some challenges due to the drafting of MCL 691.1401(e) and MCL 691.1402(1). However, by using traditional tools of construction and following the guidance of this Court's previous governmental immunity jurisprudence, we interpret the statute as best we can and reach what we believe is the most reasonable interpretation. In doing so, we conclude that the Little Manistee Trail is not a "highway" for purposes of governmental immunity. The Trail is properly classified as a "trailway" within the distinct meaning of that word in Michigan's statutory law, and, because it is not a

---

is not a "highway," we take this opportunity to make clear that the Court of Appeals' interpretation of MCL 691.1402(1) was nonetheless correct.

Our caselaw has consistently treated the exemptions from liability provided to the state and county road commissions in MCL 691.1402(1) as absolute. In *Suttles*, 457 Mich at 644, a case in which this Court construed the pre-1999 version of the statute before the reference to "trailways" was added, we identified three installations that were categorically excluded from the state's and the counties' liability: "(1) sidewalks, (2) crosswalks, or (3) any other installation outside the improved portion of the highway designed for vehicular travel." See also *Nawrocki*, 463 Mich at 161 ("[T]he limited duty does *not* extend to 'sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.'"), and *Robinson*, 486 Mich at 7 (employing the same approach and treating as absolute the exclusion of sidewalks from the state's duty). In accordance with the interpretation of the fourth sentence of MCL 691.1402(1) in *Suttles*, *Nawrocki*, and *Robinson*, the Court of Appeals properly determined that the addition of "trailway" to the statute simply added a fourth specific area that is categorically excluded from the state's and the county road commissions' liability. That is, after the 1999 amendments, in which "trailway" was added between "sidewalk" and "crosswalk," the state's limited duty under the highway exception does not extend to four specific areas: (1) *all* sidewalks, (2) *all* trailways, (3) *all* crosswalks, and (4) any other installation outside the improved portion of the highway designed for vehicular travel.

25

"trailway . . . on the highway," it is not a covered "trailway" under MCL 691.1401(e).

Accordingly, we affirm the judgment of the Court of Appeals.

> Stephen J. Markman
> Robert P. Young, Jr.
> Mary Beth Kelly
> Brian K. Zahra

STATE OF MICHIGAN

SUPREME COURT

BEVERLY DUFFY,

Plaintiff-Appellant,

v                                                                                    No. 140937

MICHIGAN DEPARTMENT OF
NATURAL RESOURCES and STATE OF
MICHIGAN,

Defendants-Appellees.

_____

MARILYN KELLY, J. (*dissenting*).

As poet James Whitcomb Riley is said to have remarked, "When I see a bird that walks like a duck and swims like a duck and quacks like a duck, I call that bird a duck." Riley's quip is apropos to this case: when I see a thoroughfare that looks like a road and has signage like a road and is used by the public as a road, I call that thoroughfare a road.

Resolution of this case is straightforward. At issue is whether the Little Manistee Trail (the Trail) is a "highway"—or more pointedly, a road—for purposes of the governmental tort liability act (GTLA).[1] If the Trail is a "highway" as defined by MCL 691.1401(e), then the state is under a duty to maintain it in reasonable repair. If it is not a highway, the state has no such duty.

_____

[1] MCL 691.1401 *et seq.*

The majority holds that the Trail is not a highway and that defendants are entitled to summary disposition. It concludes that they have no liability to plaintiff because the highway exception to governmental immunity does not apply. In reaching this conclusion, the majority injects confusion into what should be a simple analysis. I dissent because I believe that all signs, figurative and literal, indicate that the Little Manistee Trail is a "highway" under the GTLA.

## FACTUAL BACKGROUND

The facts of this case are not in dispute. Plaintiff was riding an off-road vehicle (ORV) on the Little Manistee Trail in Lake County when she ran over some exposed boards partially buried in the traveled portion of the roadway. She was thrown from her ORV against a tree trunk, resulting in spinal injuries and paralysis.

The portion of the Trail on which plaintiff's accident occurred is designated as an "ORV route," meaning that any motor vehicle licensed by the Secretary of State can operate on it. The vehicles permitted there include, but are not limited to, conventional cars, trucks, sport utility vehicles, ORVs, all-terrain vehicles, motorcycles, snowmobiles, semi-trucks, and tractor-trailers. Furthermore, the Trail has myriad signs that guide and direct traffic. Among them are stop signs, two-way-traffic signs, mixed-traffic signs, weight-limit signs, and curve/turn designations.[2]

After plaintiff was injured, she filed suit against the Department of Natural Resources (DNR) and the state of Michigan, alleging that they had failed to adequately

---

[2] See the Appendix to this opinion; see also plaintiff's appendix filed in this appeal, pp 14-19.

2

maintain the Trail. Plaintiff theorized that, under the highway exception to governmental immunity, defendants had a duty to maintain the Trail in reasonable repair.[3] Defendants moved for summary disposition, arguing that the Trail is not a "highway" and that they have no duty to maintain it. The trial court denied the motion, ruling that the Trail is a "highway" under the GTLA. It reasoned that the act's definition of "highway" specifically includes "trailways." Because it is undisputed that the Little Manistee Trail is a trailway, defendants were under a duty to maintain it in reasonable repair.

The Court of Appeals reversed the trial court.[4] It concluded that, although the Trail falls within the definition of "highway" in MCL 691.1401(e), the limited liability afforded by the highway exception to governmental immunity applies to all trailways. Thus, it held that the highway exception does not apply to plaintiff's suit.[5]

We granted plaintiff's application for leave to appeal.[6]

STANDARD OF REVIEW AND LEGAL BACKGROUND

We review de novo a trial court's ruling on a motion for summary disposition.[7] This case involves a question of statutory interpretation, which we also review de novo.[8]

---

[3] MCL 691.1402(1).

[4] *Duffy v Dep't of Natural Resources*, unpublished opinion per curiam of the Court of Appeals, issued March 9, 2010 (Docket No. 289644).

[5] *Id*. at 3.

[6] *Duffy v Dep't of Natural Resources*, 488 Mich 861 (2010).

[7] *Shay v Aldrich*, 487 Mich 648, 656; 790 NW2d 629 (2010).

[8] *Univ of Mich Regents v Titan Ins Co*, 487 Mich 289, 297; 791 NW2d 897 (2010).

3

The GTLA provides immunity for governmental agencies. Under MCL 691.1407, governmental agencies[9] are generally immune from tort liability while engaged in the exercise or discharge of a governmental function unless an exception to this general rule applies.[10]

The only exception germane to this appeal is the highway exception, MCL 691.1402, which provides in pertinent part:

> (1) . . . [E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

Thus, it is important to determine if plaintiff was driving her ORV on a "highway" as that term is defined in the GTLA. The act provides at MCL 691.1401(e):

> "Highway" means a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles.

---

[9] MCL 691.1401(d) defines "governmental agency" as including the "state." MCL 691.1401(c) defines "state" as "the state of Michigan and its agencies, departments, commissions, courts, boards, councils, and statutorily created task forces and includes every public university and college of the state . . . ." Thus, as the majority opinion correctly notes, both defendants are within the scope of the GTLA.

[10] The statutory exceptions to governmental immunity include (1) the "highway" exception, MCL 691.1402, (2) the "motor vehicle" exception, MCL 691.1405, (3) the "public building" exception, MCL 691.1406, (4) the "proprietary function" exception, MCL 691.1413, (5) the "governmental hospital" exception, MCL 691.1407(4), and (6) the sewage-disposal-system-event exception, MCL 691.1417.

4

However, this provision defines neither "road" nor "open for public travel." We may therefore consult a dictionary for a further understanding of this language.[11]

*Random House Webster's College Dictionary* defines "road" as "a long, narrow stretch with a leveled or paved surface, made for traveling by motor vehicle, carriage, etc.; street or highway."[12] With respect to the phrase "open for public travel," it defines "open" as, among other things, "without restrictions as to who may participate[;] accessible or available[.]"[13] "Public" is defined as "of, pertaining to, or affecting a population or a community as a whole[;] open to all persons[.]"[14] These dictionary definitions comport with the common understanding of a "highway" as used in MCL 691.1401(e), that is, a road, paved or otherwise, that is available for use by everyone.

ANALYSIS

The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing on the language in the statute.[15] The language provides "'the most

---

[11] *Klooster v City of Charlevoix*, 488 Mich 289, 304; 795 NW2d 578 (2011). See also MCL 8.3a, which provides that "[a]ll words and phrases shall be construed and understood according to the common and approved usage of the language . . . ."

[12] *Random House Webster's College Dictionary* (2001).

[13] *Id.*

[14] *Id.*

[15] *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

5

reliable evidence'" of the Legislature's intent,[16] and when construing a statute, a court must read the language in it as a whole.[17]

Considering these rules, as well as our traditional canons of statutory interpretation, I conclude that the Little Manistee Trail is a "highway" within the intent of the GTLA. First, it is a road that is open for public travel. It fits within the common understanding of a "road" because it is a leveled surface designed for travel by motor vehicles and maintained so as to be suitable for vehicular travel.[18] And although the Trail is not paved, a road need not be covered with concrete or asphalt to qualify as a road, given that the definition of "road" includes "a leveled *or* paved surface . . . ."[19] Furthermore, it is undisputed that any motor vehicle properly licensed by the Secretary of State is permitted to travel on the Trail, subject to the applicable weight limitations marked on posted signs. Thus, the Trail satisfies the definition of "road" because it is a thoroughfare "made for traveling by motor vehicle . . . etc.[.]"[20]

I take strong exception to the majority's claim that the Trail is not "made for traveling by motor vehicle[s]."[21] One need only consider the photographs in the

---

[16] *Id*., quoting *United States v Turkette*, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 246 (1981).

[17] *People v Jackson*, 487 Mich 783, 791; 790 NW2d 340 (2010).

[18] The photographs accompanying this dissent in the Appendix show that the Trail has been built for "mixed traffic," including large trucks with multiple axles weighing up to 15 tons.

[19] *Random House Webster's College Dictionary* (2001) (emphasis added).

[20] *Id*.

[21] *Ante* at 14.

6

Appendix to this opinion to see that the Trail was designed for extensive use by motor vehicles. The signage alerts Trail users to the presence of ORVs, automobiles, and 5-, 9-, and 15-ton trucks.

Second, the Trail is open for public travel. It is beyond question that it is open year-round. During spring, summer, and fall months, it is used by ORVs and motorcycles, as well as by cars, trucks, sport utility vehicles, and large semi-trucks. During winter months, it is also used by snowmobiles and motor vehicles to the extent weather conditions permit. No statutory prohibition limits its use to certain seasons or to a particular type of use. Consequently, the Little Manistee Trail is accessible to the general public and is open for public travel.

The majority asserts that the Trail's "primary purpose and use is for recreational vehicles, and this purpose eclipses the highly limited use of the Trail by motor vehicles."[22] It also claims that "[t]he recreational use of the Trail is so totally defining that we can easily understand why no party . . . considered that the Trail might be a 'road' . . . ."[23] But defendant's expert, on whose testimony the majority relies, stated that the Trail "is open to properly registered ORVs and street licensed vehicles." This testimony answers the question of whether the Trail qualifies as a "road." More importantly, it is immaterial to determining whether the Trail is a road if it is used more frequently by semi-trucks, ORVs, or pedestrians. Indeed, there is no statutory basis for

---

[22] *Ante* at 14.

[23] *Ante* at 14-15.

distinguishing between primary and secondary uses of a road.[24]   Accordingly, the majority has impermissibly overrun the Legislature's definition of "highway" in MCL 691.1401(e) and replaced it with a judicially created "purpose of use" test.

Because the Trail is a "road" that is "open for public travel," it is necessarily a "highway" as that term is defined in MCL 691.1401(e).   The ramifications of this conclusion are clear: governmental agencies, in this case the DNR and the state of Michigan, have an affirmative duty to maintain it in such reasonable repair as to make it safe and convenient for public travel.   To the extent the Court of Appeals held otherwise, it erred.[25]

---

[24] The majority indicates that a statutory basis exists for distinguishing between the Trail's primary and secondary uses when determining whether it is a "road." *Ante* at 15 n 6.   But it fails to cite the language on which it relies.   In fact, there is no statutory language in MCL 691.1401(e); the rest of the GTLA; the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq*.; or any other act that allows the majority to draw this distinction.

[25] Contrary to the majority's suggestion, I need not reach the issue of whether the Little Manistee Trail is a "trailway" within the definition of "highway" in MCL 691.1401(e). This is because the Trail is so clearly a "road" that is "open for public travel" and, thus, a highway.   I do not consider the application of NREPA's definition of "forest road," see MCL 324.81101(f), for the same reason.

The majority suggests that, by not defining "trailway," I ignore the central issue in this case.   Its position in this regard is remarkable, given that I have addressed an argument raised by the parties—one that the majority entirely ignores.   The issue before us is not the definition of "trailway" in NREPA, but whether the Little Manistee Trail is a "highway" under the GTLA.   Even assuming arguendo that the Trail is not a "covered trailway" as the majority concludes, it is a *road* and, thus, a "highway" under MCL 691.1401(e).

Furthermore, the majority's preoccupation with the fact that the parties argued that the Trail is a "trailway" in the lower courts is also misplaced.   This Court's order granting leave to appeal requested that the parties address "whether the Little Manistee Trail is a 'highway' within the meaning of MCL 691.1401(e)." *Duffy*, 488 Mich at 861.   Thus,

THE MAJORITY'S FLAWED ANALYSIS

The majority's statutory interpretation is flawed. The first step in interpreting a statute is analyzing its language, a maxim that appears in virtually every statutory-interpretation-centric dispute before the Court.[26] Yet the majority's attention to defining "highway" as used in the GTLA strays from the GTLA and travels to the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.* And it engages in this expedition not to properly define or apply the term "highway," but to define and apply the term "trailway."[27] It does this notwithstanding the fact that the resolution of this case hinges on the meaning of "highway," not the meaning of "trailway."

Under the GTLA, a "highway" is a "road . . . that is open for public travel." As I have explained in detail earlier, that definition applies to the Little Manistee Trail, regardless of whether the Trail qualifies as a "trailway" in an unrelated act. The majority's departure from the GTLA and foray into NREPA ignores its duty to first

---

because the definition of "highway" includes "road," and plaintiff argued in this Court that the Trail is a "road," the fact that the parties previously argued that it is a "trailway" is inconsequential.

[26] See, e.g., *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010).

[27] See part IV of the majority opinion. The majority relies on the language of NREPA even while it acknowledges that "this Court will not invariably borrow language or meaning from one statute in order to provide meaning to another when those statutes are not *in pari materia* . . . ." *Ante* at 12.

9

analyze the language of the statute that is at issue. And it is superfluous when the language of the GTLA can be straightforwardly applied, as in this case.

A second analytical maxim that guides us is that the Court must avoid a statutory interpretation that would render any part of a statute surplusage or nugatory.[28] In this regard, the first clause of MCL 691.1401(e) provides that a "highway" is "a public highway, road, or street that is open for public travel . . . ." The next clause indicates that "highways" include "bridges, sidewalks, trailways, crosswalks, and culverts on the highway." Hence, a "road . . . that is open for public travel" is a "highway," and so too are "bridges, sidewalks, [and] trailways . . . on the highway." Therefore, even if the Trail is not a "covered trailway," as the majority concludes, it certainly is a road. The majority's statutory interpretation glosses over the first clause of the statute and, in fact, renders it surplusage.

The majority counters this point with the assertion that my analysis renders the term "trailway" surplusage. But the flaw in its argument is apparent from the outset when it concedes that a trailway only sometimes falls within the definition of a "road."[29] The Trail precisely fits within the majority's definition of a "road." It is a "trailway," within the majority's definition, that is open for public travel by motor vehicles. Thus, it

---

[28] See, e.g., *AFSCME v Detroit*, 468 Mich 388, 399; 662 NW2d 695 (2003) ("[E]very word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory.") (citations and quotation marks omitted).

[29] *Ante* at 16-17 (stating that trailways "will often fall within the broad definition of road"). This concession is hardly surprising. Most people would consider walking, hiking, or biking trails to be "trailways," yet they would not be "roads" under the GTLA because they are not open for travel by motor vehicles.

10

at once satisfies the majority's imported meaning of "trailway" and the definition we both agree upon of "road." But because the Trail satisfies the majority's definition of "trailway," the majority renders "road" mere surplusage.

I agree with the majority that trailways that are not open for public travel by motor vehicles are not roads. Hence, my conclusion that the Trail is a "road" does not consume "trailways" in MCL 691.1401(e). Nor does it render the inclusion of "trailways" in that statute surplusage.

Similarly, the majority asserts that the GTLA makes clear that only certain trailways will be considered highways,[30] presumably those that run alongside a highway. But this reasoning begs the big question: Is the Trail a "trailway" or a "road" within the intent of the statute? If it qualifies as a "road," as I have concluded, it is irrelevant that it does not run alongside a highway.

Finally, the majority claims that I "never even attempt[] to give meaning to 'trailway'" and that my dissent is "entirely unresponsive to [its] opinion."[31] I have noted that it serves no useful purpose to consider whether the Trail is a "trailway" as defined by an unrelated act. I invite the reader to compare the straightforward analysis set forth in this dissent with the trail-to-nowhere approach of the majority opinion. It is the majority that disdains the language of the GTLA indicating that a "highway" is a "road . . . that is open for public travel." This Court's function is to give meaning to the words of a statute, but the majority fails to apply that principle to the most obvious meaning and

---

[30] *Ante* at 18.

[31] *Ante* at 13.

application of "highway." Instead of clarifying the law, the majority risks making the Court the "obfuscator of last resort."[32]

## CONCLUSION

In sum, this is a vanilla case of statutory interpretation that is easily resolved. MCL 691.1401(e) provides that a "highway" is a "road" that is "open for public travel." The Little Manistee Trail satisfies this definition because it is a leveled surface designed for vehicular travel that is always accessible to the public. The majority "swerves and dodges"[33] the actual language of the statute and reaches an unsupportable conclusion to the contrary.[34]

I would reverse the judgment of the Court of Appeals and hold that the Little Manistee Trail is a "highway" within the meaning of MCL 691.1401(e).

> Marilyn Kelly
> Michael F. Cavanagh
> Diane M. Hathaway

---

[32] *Michigan v Bryant*, 562 US ___, ___; 131 S Ct 1143, 1168; 179 L Ed 2d 93, 121 (2011) (Scalia, J., dissenting).

[33] See *People v Maxson*, 482 Mich 385, 403; 759 NW2d 817 (2008) (CAVANAGH, J., dissenting) (citation and quotation marks omitted).

[34] The majority's proclamation that "[it] has little difficulty in concluding that the [Trail] is . . . not a 'road,'" *ante* at 20, is inconsistent with the great lengths to which it goes to support its analysis.

12

APPENDIX









