*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAUREEN GENTRY and BRUCE GENTRY,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN and DEPARTMENT OF
TRANSPORTATION,

        Defendants-Appellants.

UNPUBLISHED
May 6, 2021

No. 353174
Court of Claims
LC No. 19-000137-MD

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I concur with the majority. I write separately only because I note that plaintiff has
expressed concern that *Yono v Dep't of Transp*, 499 Mich 636; 885 NW2d 445 (2016), may have
been wrongly decided and may warrant revisitation by our Supreme Court. We are, of course,
bound by *Yono*. See *Pellegrino v AMPCO Sys Parking*, 486 Mich 330, 352-354; 785 NW2d 45
(2010). Nevertheless, I observe that the dissent in *Yono* expressed concern that "travel" was
undefined, and that the majority in *Yono* was improperly restricting the meaning of the word.
*Yono*, 499 Mich at 657-670.

I am also troubled by my inability to find a clear definition for what "traveling" means
within the context of the highway exception. Black's Law Dictionary provides no such definition,
and Merriam-Webster's Collegiate Dictionary provides a wide variety of possible definitions,
ranging from general movement to specifically going from place to place. Participating in a parade
clearly entails movement, but its primary purpose would seem to be entertainment rather than
transit. In *Duffy v DNR*, 490 Mich 198, 213-216; 805 NW2d 399 (2011), our Supreme Court seems
to have implied that recreational uses are not road uses. However, I find no clear holding to that
effect applicable to these circumstances. Furthermore, if "traveling" means generally any kind of
movement, then areas set aside for parallel parking would seem to be included. Furthermore, the
portion of the buffer zone in which plaintiff fell was the widened area in line with the parallel
parking lanes at a street intersection; even if drivers are not supposed to drive through that area,
the allegedly deteriorated paint demarking the area could mean that they nevertheless do so.

I respectfully believe it would be helpful to the bench and bar for our Supreme Court to provide clarity in this matter. I therefore respectfully urge our Supreme Court to consider plaintiff's argument that *Yono* was wrongly decided. Nevertheless, under the law as it is, I fully concur with the majority.

/s/ Amy Ronayne Krause