McMANUS v ST JOSEPH HOSPITAL CORPORATION

Docket No. 94225. Submitted November 4, 1987, at Lansing. Decided
    December 18, 1987.

Ralph McManus, a former employee of St. Joseph Hospital Corpo-
    ration, brought an action in Genesee Circuit Court against the
    hospital, alleging that because of negligent treatment by resi-
    dents and interns employed by the hospital he suffered from
    drug dependency and mental problems which resulted in lost
    wages and the loss of his wife's companionship. The hospital in
    its answer denied any negligent acts and raised the statute of
    limitations as an affirmative defense and reserved the right to
    raise additional defenses. Plaintiff filed an amended complaint
    in which claims of breach of contract and breach of warranty
    were also alleged against the hospital and in which Hoffman-
    LaRoche, Inc., a drug manufacturer, was edded as a codefen-
    dant. The hospital's answer to the amended complaint denied
    any negligent acts, however there was no specific reference to
    or incorporation of the prior pleadings and no affirmative
    defenses were pled. Plaintiff filed a second amended complaint.
    Again the hospital's answer denied any negligent acts but did
    not plead any affirmative defenses or incorporate its prior
    pleadings. At trial, following plaintiff's proofs, the trial court,
    Donald R. Freeman, J., granted plaintiff's motion to suppress
    any evidence relating to the statute of limitations defense on
    the ground that the hospital waived that defense. The jury
    returned a verdict in favor of plaintiff. The hospital moved for
    a new trial and to amend its pleadings to reallege the statute of
    limitations defense. The trial court granted both of the motions.
    Plaintiff sought leave to appeal. The Court of Appeals denied
    leave to appeal. Docket No. 87347, order of February 28, 1986.
    Plaintiff sought leave to appeal in the Supreme Court. The
    Supreme Court, in lieu of granting leave to appeal, remanded

REFERENCES

Am Jur 2d, Limitations of Actions, §§ 217 et seq.; Pleadings §§ 306
    et seq.
Amendment of pleadings to assert statute of limitations. 59 ALR2d
    169.

the case to the Court of Appeals for consideration as on leave granted. 425 Mich 879 (1986). The hospital cross-appealed.

The Court of Appeals *held:*

A trial court is empowered to allow a posttrial amendment of the pleadings to conform to the proofs where such amendment will not result in surprise or prejudice. Since the hospital raised the defense of statute of limitations in its first answer and attempted to pursue that defense at trial, plaintiff cannot claim surprise or prejudice. Accordingly, the trial court did not abuse its discretion by granting the motions to amend the pleadings and for a new trial.

Affirmed.

1. PLEADING — AMENDMENT OF PLEADINGS.

The grant or denial of a motion to amend a party's pleadings is within the discretion of the trial court; the exercise of that discretion will not be reversed absent a showing of an abuse of discretion (GCR 1963, 118.1, now MCR 2.118[A][4]).

2. PLEADING — AMENDMENT OF PLEADINGS — PREJUDICE.

A trial court may properly allow a posttrial amendment of the pleadings to conform to the proofs where there is no surprise or prejudice resulting therefrom; it is not an abuse of discretion for a trial court to permit a defendant to make a posttrial amendment to its pleadings to reassert its defense of statute of limitations where that defense was raised in its answer to the original complaint but was not reasserted in its answers to the amended complaints and the defense was touched upon during trial until the trial court ruled that no further evidence of the defense could be presented, since under such circumstances the plaintiff cannot claim surprise or prejudice at the reassertion of the defense.

*George J. Platsis,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs* and *Robert G. Kamenec*), for defendant.

Before: CYNAR, P.J., and SAWYER and J. A. GIL-LIS,* JJ.

PER CURIAM. In this medical malpractice action,

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

plaintiff, Ralph McManus, appeals from orders granting defendant's motions for new trial and for leave to amend pleadings. We affirm.

Plaintiff was employed as an accountant by St. Joseph Hospital Corporation (hereinafter defendant) in Flint, Michigan. On December 21, 1977, plaintiff, in propria persona, commenced this action, alleging in his complaint that defendant, through its residents and interns, negligently treated and prescribed unsupervised doses of tranquilizers and antidepressant drugs which allegedly led him to drug dependency and mental problems, caused him to lose past and future wages and his wife's companionship (she divorced him), and caused him mental anguish and humiliation.

In its answer, filed January 24, 1978, defendant denied any negligent acts. Defendant also raised the statute of limitations as an affirmative defense and reserved the right to file additional affirmative defenses.

On February 7, 1978, plaintiff, having since retained legal counsel, filed his first amended complaint, alleging inter alia that these resident physicians and other staff members were agents and employees of defendant. Claims of breach of contract and breach of warranty were also alleged against defendant. The manufacturer of the medication, Hoffman-LaRoche, Inc., was added as a codefendant.

In its answer to the first amended complaint, defendant again denied any negligent acts. However, there was no specific reference to, or incorporation of, any prior pleadings, and no affirmative defenses were raised by defendant.

Plaintiff's second amended complaint was filed on April 18, 1978. In this complaint, plaintiff reiterated and clarified that the negligent acts had been concealed from him by defendant and a

psychiatrist associated with the hospital. The concealment claim had been alleged in both the original and first amended complaints. Defendant's answer denied any negligence or concealment.

Defendant filed an "additional affirmative defense" on August 3, 1978, claiming that plaintiff's lawsuit was barred by the exclusive remedy provision under § 131 of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). On December 18, 1979, the trial court granted summary judgment in favor of defendant on this ground.

In an appeal on leave granted, this Court, in an unpublished per curiam opinion, reversed the summary judgment, holding that plaintiff's malpractice claim against the hospital was not barred by the exclusive remedy provision of the workers' compensation act. *McManus v St Joseph Hospital Corp,* unpublished opinion per curiam of the Court of Appeals, decided May 9, 1983, (Docket No. 57154).

On remand, the case was tried before a jury. After plaintiff's proofs, and upon a motion by plaintiff, the trial court suppressed any evidence relating to the statute of limitations defense on the ground that defendant had waived that defense. The jury returned a $750,000 verdict in favor of plaintiff.

On July 16, 1984, defendant moved for a new trial on the basis that the verdict was against the great weight of the evidence and the jury award was excessive. Approximately one year later, on June 17, 1985, defendant moved to amend its pleadings so as to reallege the statute of limitations defense. These motions were granted on August 21, 1985, and September 9, 1985, respectively.

Plaintiff sought leave to appeal to this Court, which was denied on February 28, 1986. On plain-

tiff's application for leave to appeal to the Supreme Court, in lieu of granting leave, the Court remanded the case to this Court for consideration as on leave granted. 425 Mich 879 (1986).

Thereafter, on August 4, 1986, defendant filed a cross-appeal. On September 10, 1986, this Court granted defendant's motion to stay proceedings and denied plaintiff's motion on December 30, 1986, to dismiss the cross-appeal. The Supreme Court denied plaintiff's application for leave to appeal this Court's denial of plaintiff's motion to dismiss the cross-appeal. 428 Mich 883 (1987).

Plaintiff alleges that the trial court erred in granting defendant a new trial and leave to amend its pleadings so as to reassert the statute of limitations defense. Plaintiff claims that this defense was waived because it was not pled subsequent to the filing of defendant's first answer. The only method available to cure the waiver would have been an amendment of the pleadings. Because defendant failed to move to amend the pleadings prior to or during trial, defendant waived this defense. The fact that the defense was pleaded in the answer to the original complaint did not preserve the defense for posttrial relief.

Defendant argues that the trial court did not abuse its discretion by granting a new trial on the issue whether the statute of limitations bars plaintiff's claim. Defendant asserts that the defense was not waived since it was raised in defendant's answer to plaintiff's original complaint. The failure to reassert the defense in defendant's answer to the first amended complaint should not be construed as a waiver of that defense.

Although plaintiff argues error by the trial court in granting defendant a new trial, we phrase the issue on appeal as follows: Whether the trial court abused its discretion by granting defendant leave

to amend its pleadings to reallege the statute of limitations defense.

GCR 1963, 118.1, now MCR 2.118(A)(2), allows a party to amend a pleading only by leave of the court. Leave shall be freely given when justice so requires. "The allowance of an amendment is not an act of grace, but a right of a litigant seeking to amend '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies . . ., undue prejudice . . ., futility of amendment, etc.' " *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 659; 213 NW2d 134 (1973). The grant or denial of a motion to amend is within the discretion of the trial court, and, absent abuse of that discretion, the exercise of that discretion will not be reversed. *Burse v Wayne Co Medical Examiner,* 151 Mich App 761, 767; 391 NW2d 479 (1986). It is well-established that an affirmative defense, such as the statute of limitations, which is not asserted in a responsive pleading is waived. *Cramer v Metropolitan Savings Ass'n (Amended Opinion),* 136 Mich App 387, 402; 357 NW2d 51 (1984). In this case, there is no issue of defendant's waiver of this defense because it was raised in defendant's answer to plaintiff's original complaint. However, this defense was not reasserted in defendant's subsequent answers to plaintiff's amended complaints.

A trial court is empowered to allow a posttrial amendment of the pleadings to conform to the proofs, absent a showing of surprise or prejudice. *Gorelick v Dep't of State Highways,* 127 Mich App 324, 338; 339 NW2d 635 (1983). In the within case, we find no abuse of discretion by the trial judge in allowing defendant to amend its pleadings in order to reassert this defense. Our review of the trial proceedings indicates that plaintiff was aware of

this defense and presented proof in his case in chief regarding this defense in response to defense counsel's assertion, in the early stages of the trial, that his client had not waived it. The trial court suppressed any evidence relating to this defense after the close of plaintiff's proofs. Thus, we cannot conclude that plaintiff would be prejudiced by allowing defendant to amend its pleadings and have a new trial, because plaintiff was on notice of this defense and presented evidence as part of his case to refute the defense.

Because we are affirming on this issue, we decline to reach defendant's issues raised in its cross-appeal.

Affirmed.