MILNIKEL v MERCY-MEMORIAL MEDICAL CENTER, INC

Docket No. 113897. Submitted November 9, 1989, at Grand Rapids. Decided December 20, 1989.

Herbert Milnikel brought an action against Mercy-Memorial Medical Center, Inc., in the Berrien Circuit Court alleging violation of the Michigan Handicappers' Civil Rights Act. Plaintiff sought leave to amend his complaint to add a loss of consortium claim in the name of his wife. The trial court, Ronald J. Taylor, J., denied the request after concluding that such a claim was not available in conjunction with a claim brought under the Handicappers' Civil Rights Act. The trial court also indicated that its decision was not based upon any finding of prejudice to defendant. Plaintiff appealed.

The Court of Appeals held:

A claim of loss of consortium is not precluded by the Handicappers' Civil Rights Act. The trial court abused its discretion in denying plaintiff leave to amend his complaint.

Reversed and remanded.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DERIVATIVE CLAIMS — LOSS OF CONSORTIUM.

A derivative claim for loss of consortium is not precluded under the Handicappers' Civil Rights Act (MCL 37.1101 et seq.; MSA 3.550[101] et seq.).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT.

The Handicappers' Civil Rights Act is remedial in nature and is to be liberally construed (MCL 37.1101 et seq.; MSA 3.550[101] et seq.).

3. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — ENFORCEMENT OF ACT.

A person alleging a violation of the Handicappers' Civil Rights Act may bring a civil action for appropriate injunctive relief or damages, or both (MCL 37.1606[1]; MSA 3.550[606][1]).

REFERENCES

Am Jur 2d, Civil Rights §§ 82.5, 261; Consortium §§ 447-451.

See the Index to Annotations under Consortium; Discrimination.

4. Civil Rights — Handicappers' Civil Rights Act — Procedures.
Claims under the Handicappers' Civil Rights Act are to be treated similarly to those under the Civil Rights Act and are subject to the same procedure as a complaint alleging a violation of the latter act (MCL 37.1605; MSA 3.550[605]).

*Conybeare Law Office, P.C.* (by *Bruce C. Conybeare* and *John C. Johnson*), for plaintiff.

*Mary Ann Pater,* for defendant.

Before: MAHER, P.J., and HOLBROOK, JR. and SAWYER, JJ.

PER CURIAM. Plaintiff filed an action against defendant alleging a violation of the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* Thereafter, plaintiff sought leave to amend his complaint in order to add a loss of consortium claim in the name of his spouse. Plaintiff's request was denied by the trial court. We reverse.

MCR 2.118(A)(2) provides that leave to amend shall be freely given when justice so requires. This rule was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973); *Feliciano v Dep't of Natural Resources,* 158 Mich App 497, 501; 405 NW2d 178 (1987). The grant or denial of a motion to amend is within the discretion of the trial court. *McManus v St Joseph Hosp Corp,* 167 Mich App 432, 437; 423 NW2d 217 (1987).

In denying plaintiff's motion to amend, the trial court indicated its decision was not based upon any finding of prejudice to defendant. Instead, the court concluded that a claim for loss of consortium was not available in conjunction with a claim brought under the HCRA.

Plaintiff argues that our Supreme Court's recent decision in *Eide v Kelsey-Hayes Co,* 431 Mich 26; 427 NW2d 488 (1988), which found that a derivative claim for loss of consortium was not precluded under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.,* requires a similar conclusion with respect to his HCRA claim. We agree.

In *Eide, supra,* our Supreme Court examined the Civil Rights Act in order to determine whether a claim for loss of consortium would be permitted in conjunction with a separate claim alleging a violation of the act. The Court began by noting that Michigan has long recognized a cause of action for loss of consortium in favor of spouses. *Eide,* p 29. Thus, the Court viewed the question as not whether a cause of action is available under the Civil Rights Act, but whether there was anything within the act precluding such a claim.

The Court examined the enforcement provision of the Civil Rights Act, MCL 37.2801(1); MSA 3.548(801)(1), which is identical to that of the HCRA, MCL 37.1606(1); MSA 3.550(606)(1):

> (1) A person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both.

Acting upon its earlier notation that loss of consortium claims have been long recognized in Michigan, the *Eide* Court found nothing to suggest a legislative intent to preclude such an action under the act.

The HCRA has the same purposes and goals as the Civil Rights Act. It was designed to prohibit discriminatory practices, policies and customs with respect to employment, public accommodations, services, educational institutions and housing.

That claims under the HCRA should be treated

similarly to those under the Civil Rights Act is apparent from § 605 of the HCRA, expressly requiring that HCRA claims be subject to the same procedures as a complaint alleging a violation of the Civil Rights Act. MCL 37.1605; MSA 3.550(605).

Further, the HCRA, being remedial in nature, is to be construed liberally. *Allen v Southeastern Michigan Transportation Authority,* 132 Mich App 533, 537; 349 NW2d 204 (1984).

In light of the similar goals and purposes of both the HCRA and the Civil Rights Act, and in the absence of any indication of legislative intent to the contrary, we find no reason to reach a conclusion different from that reached by the Supreme Court in *Eide, supra.*

Accordingly, we hold that a claim for loss of consortium is not precluded by the HCRA.

Because the circuit court indicated it found no evidence of prejudice to defendant, we therefore find it abused its discretion when it denied plaintiff leave to amend his complaint solely upon its conclusion that a loss of consortium claim was not permitted in conjunction with a claim alleging a violation of the HCRA.

Reversed and remanded. We do not retain jurisdiction.