MITAN v NEIMAN MARCUS

Docket No. 212002. Submitted December 7, 1999, at Detroit. Decided April 28, 2000, at 9:20 A.M.

Lynette Mitan brought an action in the Oakland Circuit Court against Neiman Marcus and Jill Blake, alleging retaliatory discharge from employment in violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The court, David F. Breck, J., granted summary disposition for the defendants, ruling that there existed no genuine issues of material fact and the defendants were entitled to judgment as a matter of law. The plaintiff appealed.

The Court of Appeals *held*:

MCL 37.1602(a); MSA 3.550(602)(a) provides that a person shall not retaliate or discriminate against another person because that other person has opposed a violation of the act, or because that other person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under the act. In this case, the plaintiff failed to establish a prima facie case of retaliatory discharge because the complaints she filed against Blake, her supervisor at Neiman Marcus, did not suggest or imply job discrimination related to the plaintiff's disability. Thus, the plaintiff did not show that she suffered retaliation because she had made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under the act.

Affirmed.

CIVIL RIGHTS — MICHIGAN HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT — UNLAWFUL RETALIATION.

A plaintiff seeking to establish a prima facie case of unlawful employment-related retaliation under the Michigan Handicappers' Civil Rights Act must show that the plaintiff engaged in a protected activity, that this was known by the defendant, that the defendant took an employment action adverse to the plaintiff, and that there was a causal connection between the protected activity and the adverse employment action (MCL 37.1602[a]; MSA 3.550[602][a]).

*Jayne F. Cucchiara*, for the plaintiff.

*Vlcko, Lane, Payne & Broder, P.C.* (by *Andrew J. Broder*), for the defendants.

Before: SMOLENSKI, P.J., and WHITBECK and ZAHRA, JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) and dismissing her claim for retaliatory discharge under the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1602(a); MSA 3.550(602)(a).[1] We affirm.

The trial court's ruling on a motion for summary disposition is reviewed de novo. *Pinckney Community Schools v Continental Casualty Co*, 213 Mich App 521, 525; 540 NW2d 748 (1995).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996). [*Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999).]

In her sole issue on appeal, plaintiff contends that genuine issues of material fact exist that preclude summary disposition of her claim of illegal retaliation under the HCRA, MCL 37.1602; MSA 3.550(602), which provides in pertinent part:

---

[1] After plaintiff filed her action, the HCRA was renamed the Persons With Disabilities Civil Rights Act.

A person or 2 or more persons shall not do the following:
(a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

In construing the nearly identical provision of the Civil Rights Act,[2] this Court stated in *DeFlaviis v Lord & Taylor, Inc,* 223 Mich App 432, 436; 566 NW2d 661 (1997):

To establish a prima facie case of unlawful retaliation under the Civil Rights Act, a plaintiff must show (1) that he engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action.

In discussing the antiretaliation provision of the Civil Rights Act, this Court stated in *McLemore v Detroit Receiving Hosp & Univ Medical Ctr,* 196 Mich App 391, 396; 493 NW2d 441 (1992), that

[r]egardless of the vagueness of the charge or the lack of formal invocation of the protection of the [Civil Rights Act], if an employer's decision to terminate or otherwise adversely effect [sic] an employee is a result of that employee raising the spectre of a discrimination complaint, retaliation prohibited by the act occurs.

Because the HCRA has the same purposes and goals as the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.; Milnikel v Mercy-Memorial Medical Ctr, Inc,* 183 Mich App 221, 223-224; 454 NW2d

---

[2] MCL 37.2701(a); MSA 3.548(701)(a).

132 (1989), we conclude that the reasoning set forth in *DeFlaviis* and *McLemore* with respect to the retaliation provision of the Civil Rights Act applies with equal force to the retaliation provision of the HCRA.

Here, the evidence showed that plaintiff sent a written complaint to the human resources manager indicating that Jill Blake, her supervisor, had engaged in "job discrimination" because she would not allow plaintiff to participate in a sales promotion. While plaintiff's complaint mentioned that she accomplished numerous sales "during limited hours due to my physical disability," she did not suggest or imply that the alleged job discrimination was related to her disability. She sent a second written complaint indicating that Blake had engaged in "job harassment" because she had disputed whether sales plaintiff had made could be credited toward her total sales for another promotion and had called plaintiff a liar. However, because plaintiff's complaints did not state, imply, or raise the specter that plaintiff either opposed a violation of the HCRA or "made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing" under the act, this evidence does not establish that plaintiff participated in a protected activity.

Although plaintiff asserted that she raised the issue of handicap discrimination at a meeting with the human resources manager and Blake, she testified at her deposition that she admitted at the close of the meeting that Blake treated her the same as everyone else. While plaintiff denied in her affidavit having made such concession, she cannot create a factual issue by asserting the contrary in her affidavit after having given damaging testimony in her deposition.

See *Kaufman & Payton, PC v Nikkila*, 200 Mich App 250, 256-257; 503 NW2d 728 (1993), which recognized the principle expressed in *Downer v Detroit Receiving Hosp*, 191 Mich App 232; 477 NW2d 146 (1991), "that parties may not contrive factual issues merely by asserting the contrary in an affidavit after having given damaging testimony in a deposition."

Plaintiff having failed to make out a prima facie case of retaliatory discharge under the HCRA, the trial court did not err in granting defendants' motion for summary disposition.

Affirmed.