# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF RONALD TWIGG, by its Personal
Representative PEGGY TWIGG,

        Plaintiff-Appellee,

v

DEPARTMENT OF TRANSPORTATION,

        Defendant-Appellant.

UNPUBLISHED
December 28, 2017

No. 334406
Court of Claims
LC No. 13-000083-MD

---

DEPARTMENT OF TRANSPORTATION and
BARRET PAVING, INC.,

        Plaintiffs-Appellees,

v

DJ MCQUESTION AND SONS, INC.,

        Defendant-Appellant.

No. 334809
Washtenaw Circuit
LC No. 14-000816-CK

---

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

In Docket No. 334406, Michigan Department of Transportation (MDOT) appeals as of right an order issued by the Court of Claims denying its motion for summary disposition and rejecting MDOT's assertion that it was protected by governmental immunity. In Docket No. 334809, defendant DJ McQuestion and Sons, Inc., appeals by delayed leave granted the circuit court's order denying its motion for summary disposition. These cases were consolidated below and on appeal. We reverse and remand for entry of judgment in favor of MDOT in Docket No. 334406, and we reverse and remand for entry of judgment in favor of DJ McQuestion in Docket No. 334809.

These cases arise out of a fatal motorcycle accident that occurred on June 15, 2011. Ronald Twigg lost control of his motorcycle, crashed, and died while attempting to exit I-94 at Zeeb Road near Ann Arbor. The area was undergoing repairs, for which MDOT had contracted with Barret Paving, Inc., who in turn had subcontracted part of the project to DJ McQuestion.

-1-

The decedent's personal representative, plaintiff Peggy Twigg, brought suit against MDOT, who, along with Barret Paving, filed an action for indemnification against DJ McQuestion.

Prior to Twigg's lawsuit, she served MDOT with a notice of injury and highway defect, MCL 691.1404, indicating that "[t]here were holes and/or ruts within the traveled portion of the westbound lanes of I-94 at the Zeeb Road exit" and that decedent's "motorcycle tire likely hit the holes/ruts in the pavement causing him to lose control of his motorcycle." Twigg asserted that the "holes/ruts rendered the State highway defective and dangerous." In her complaint, Twigg alleged that there "was a rut or groove large enough for a motorcycle tire to become caught or to be steered by the rut/groove itself in an unwanted direction" and that the "rut/groove . . . caused [decedent's] death because it made him lose control of his motorcycle."

During discovery, Twigg's accident reconstruction expert, Gerald Jackson, testified in a deposition. He indicated that highway construction debris was involved in the accident, and while he also believed that the rut or groove possibly caused or was a factor in causing the accident, he could not state within a reasonable degree of certainty that it played any role whatsoever in the crash. Jackson explained that he was speaking in terms of "possibilities" when discussing his view that something initially "misdirected" the motorcycle, alluding to highway debris and "any kind of open area that your tire can get caught in." However, following his deposition, Jackson executed an affidavit in which he averred, "I believe that a rut or groove or gap in the traveled portion of the highway *likely* got [decedent's] motorcycle initially into trouble." (Emphasis added.) He also claimed that after encountering the rut/groove/gap, decedent "was likely still in trouble as he tried to regain full control and as he headed towards the Zeeb Road exit ramp." Jackson additionally averred that decedent "then got into further trouble when encountering construction-caused debris . . ., following which he lost complete control of his motorcycle, went off the exit ramp, and was killed."

MDOT filed a motion for summary disposition under MCR 2.116(C)(7), arguing that Twigg's action was barred by governmental immunity. DJ McQuestion sought summary disposition under MCR 2.116(C)(10) on the basis that it could not be liable for indemnification because of MDOT's immunity and, alternatively, on the ground that there was no evidence indicating that its work contributed to the accident. Both motions were denied.

We review de novo a trial court's ruling on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The applicability of governmental immunity and the statutory exceptions to immunity are likewise reviewed de novo on appeal. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). MCR 2.116(C)(7) provides for summary disposition when a claim is barred because of "immunity granted by law." The movant may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The complaint's contents must be accepted as true unless contradicted by the documentary evidence. *Id.* This Court must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7). *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id.* When, however, a relevant factual dispute does exist, summary disposition is not appropriate. *Id.*

In *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391-392; 822 NW2d 799 (2012), this Court set forth some basic governing principles regarding governmental immunity:

> Except as otherwise provided, the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1); *Duffy v Dep't of Natural Resources*, 490 Mich 198, 204; 805 NW2d 399 (2011); *Grimes v Dep't of Transp*, 475 Mich 72, 76-77; 715 NW2d 275 (2006). "The existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency." *Duffy*, 490 Mich at 204. A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions. *Grimes*, 475 Mich at 77; *Stanton v Battle Creek*, 466 Mich 611, 614-615; 647 NW2d 508 (2002). An activity that is expressly or impliedly authorized or mandated by constitution, statute, local charter, ordinance, or other law constitutes a governmental function. *Maskery v Univ of Mich Bd of Regents*, 468 Mich 609, 613-614; 664 NW2d 165 (2003). This Court gives the term "governmental function" a broad interpretation, but the statutory exceptions must be narrowly construed. *Id.* at 614. "A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity." *Odom*, 482 Mich at 478-479.

With respect to the highway exception to governmental immunity at issue here, MCL 691.1402(1) provides in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

"The state['s] . . . duty, under the highway exception, is only implicated upon [its] failure to repair or maintain the actual physical structure of the roadbed surface, paved or unpaved, designed for vehicular travel, which in turn proximately causes injury or damage." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 183; 615 NW2d 702 (2000). It is clear that if the rut or groove in the highway was a cause of the accident and decedent's death, it would implicate the highway exception to governmental immunity. On the other hand, it is also clear that highway debris would not implicate the highway exception, despite Twigg's argument to the contrary. See *Paletta v Oakland Co Rd Comm*, 491 Mich 897; 810 NW2d 383 (2012) ("The accumulation of gravel on the paved roadway was not actionable under the highway exception to the governmental tort liability act . . . because an accumulation of gravel, whether natural or otherwise, does not implicate the defendant's duty to maintain the highway in 'reasonable

repair.'"). Highway construction debris does not constitute a defect in the physical structure of the roadbed surface.

On appeal, MDOT argues that the notice of injury was defective because it did not allege the presence of highway debris as a cause of the accident. MDOT also contends that Twigg failed to establish a question of fact with respect to the existence of a defective condition coming within the highway exception that proximately caused the accident, given that the debris did not implicate the highway exception and Twigg's expert Jackson offered only speculative testimony regarding whether the rut or groove caused the crash. MDOT maintains that Twigg could not create a factual issue through Jackson's affidavit, as it was contrary to Jackson's damaging deposition testimony.

We find it unnecessary to address MDOT's argument concerning the adequacy of the notice of injury, because we agree with MDOT's causation argument. Establishing causation entails proving "two separate elements: (1) cause in fact, and (2) legal cause, also known as 'proximate cause.'" *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994) (citation omitted). "A plaintiff must adequately establish cause in fact in order for legal cause or 'proximate cause' to become a relevant issue." *Id.* at 163. Circumstantial evidence and reasonable inferences arising from the evidence can be utilized to establish causation, but the evidence and inferences must amount to more than mere speculation and conjecture. *Id.* at 163-164. It is not sufficient to proffer "a causation theory that, while factually supported, is, at best, just as possible as another theory." *Id.* at 164. A "plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id.* at 164-165. "[L]itigants do not have any right to submit an evidentiary record to the jury that would allow the jury to do nothing more than guess." *Id.* at 174.

Jackson's deposition testimony merely indicated that the rut or groove was *possibly* a cause of the motorcycle crash or *possibly* played a role in the crash; he could not state within a reasonable degree of certainty that the rut or groove was a factor in the accident. Jackson made these observations repeatedly throughout his deposition. He certainly did not testify that it was likely that the rut or groove was a cause of or led to the motorcycle spill. Jackson's testimony essentially boiled down to an opinion that, as to causes of the crash, it was possibly the highway debris, it was possibly the rut or groove, or it was possibly a combination of the debris and the rut or groove. A jury hearing this testimony would be forced to speculate and guess whether the rut or groove – the only defect that could implicate the highway exception in this case – was a cause of the accident. It is true that in Jackson's later affidavit he averred "that a rut or groove or gap in the traveled portion of the highway *likely* got [decedent's] motorcycle initially into trouble." (Emphasis added.) But at no point in his deposition had Jackson opined that it was "likely" that the rut or groove was a cause of the crash. A party is not permitted to create factual issues by submitting an affidavit that is contrary to the affiant's earlier damaging testimony given in a deposition. *Mitan v Neiman Marcus*, 240 Mich App 679, 682-683; 613 NW2d 415 (2000). Jackson's affidavit cannot save Twigg's lawsuit, as it was contrary to and inconsistent with his deposition testimony.

Twigg points to an affidavit from Julie Swanson as establishing evidentiary support for causation. Swanson averred:

1. At the time of [decedent's] June 15, 2011 motorcycle crash, I lived in Pinckney, Michigan, and still live here.

2. I am (and was at the time of the June 2011 crash) a motorcycle rider, too.

3. I am familiar with westbound I-94, including near and at the Zeeb Road exit.

4. Shortly before that crash, I also drove over that same stretch of westbound I-94 as it approached the Zeeb Road exist [sic], on my Honda 750 motorcycle.

5. I observed a gap or groove in the traveled portion of the highway east of the Zeeb Road exit and that ran the entire width of the exit ramp.

6. I remember that gap or groove in particular because *it seemed to me* that it was certainly deep and wide enough to catch a motorcycle's front steering wheel and direct it away from the rider's intended path of travel. [Emphasis added.]

This affidavit simply established the existence of the rut or groove and that it could have misdirected decedent's path of travel; it did not constitute evidence that the rut or groove more likely than not caused the accident. Indeed, the affidavit effectively states no more than Jackson did in his deposition, which was that the rut or groove possibly caused or played a role in causing the accident. Ultimately, Swanson, who did not observe the accident, nor aver that she was familiar with the particular motorcycle operated by decedent, was purely speculating regarding whether the rut or groove misdirected decedent's motorcycle. In sum, Twigg failed to establish a factual dispute on causation for purposes of invoking the highway exception to governmental immunity, and the court erred in denying MDOT's motion for summary disposition.

Finally, given our ruling in Docket No. 334406, DJ McQuestion is entitled to summary disposition on MDOT and Barret Paving's indemnification complaint in Docket No. 334809, as there is no longer a basis or need for indemnification.

Reversed and remanded for entry of judgment in favor of MDOT in Docket No. 334406, and reversed and remanded for entry of judgment in favor of DJ McQuestion in Docket No. 334809. We do not retain jurisdiction. Taxable costs are awarded to MDOT as the prevailing party in Docket No. 334406 under MCR 7.219, and we decline to award taxable costs to DJ McQuestion in Docket No. 334809.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle