*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

RANDY JONES,

       Plaintiff-Appellant,

v

FCA US LLC,

       Defendant-Appellee.

UNPUBLISHED
June 13, 2024

No. 365920
Macomb Circuit Court
LC No. 2022-000157-CD

---

Before: MURRAY, P.J., and RIORDAN and D. H. SAWYER*, JJ.

PER CURIAM.

In this racial discrimination and retaliation action, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

On March 16, 2020, plaintiff was suspended from his employment with defendant after allegedly hitting his supervisor, Jeff Beyst, in the face. Plaintiff, who denied hitting Beyst, wrote an incident report stating that Beyst had aggressively approached him that day and instigated the conflict. Beyst also filed an incident report indicating that plaintiff struck him after refusing to follow Beyst's requests to follow company policy and sign into his computer. No one witnessed plaintiff strike Beyst, but a couple employees overheard yelling between plaintiff and Beyst. After concluding an investigation, defendant determined that plaintiff did strike Beyst, and terminated his employment. The following year, plaintiff's union representative secured an agreement from defendant allowing plaintiff to return to work, but in a demoted position and without backpay.

Subsequently, plaintiff filed this complaint alleging that he was subjected to a racially-hostile workplace. Plaintiff alleged that he was one of two African-American team leaders, and that Beyst, his Caucasian supervisor, regularly called him a "n****r" and accused him of not being a real team leader. Plaintiff stated that "n****r" was also written and left on the bathroom wall.

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Plaintiff alleged that he filed several harassment complaints with defendant's Human Resources (HR) department, but HR took no remedial actions against Beyst. Plaintiff stated that he was an "exemplary" employee and only began receiving complaints against him as a pretext for his eventual termination. Based on the foregoing factual allegations, plaintiff claimed that defendant violated the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*., by racially discriminating against him. Plaintiff also claimed that defendant retaliated against him by terminating his employment after he engaged in protected activity by filing complaints about the racial discrimination.

Defendant filed a motion for summary disposition, arguing that (1) the evidence in the record did not establish that plaintiff was subjected to a racially hostile work environment, and (2) plaintiff cannot demonstrate that defendant retaliated against him by terminating his employment because plaintiff did not engage in any protected activity prior to his termination, as none of plaintiff's complaints mentioned racial discrimination.

The trial court issued a written opinion and order granting defendant's motion for summary disposition. First, the court noted that plaintiff admitted that defendant promptly removed "n****r" from the bathroom wall once defendant was informed of it, demonstrating that defendant was not creating an atmosphere of racial hostility, but promptly remedying the issue. Second, plaintiff never reported Beyst's alleged use of "n****r" to defendant; plaintiff only reported this alleged incident to his union representative. Third, Beyst's alleged use of "n****r" on March 16, 2020, following a heated discussion, could not rationally be perceived as "substantially interfering with [plaintiff's] employment or having the purpose or effect of creating a pervasive[,] intimidating, hostile, or offensive employment environment." Accordingly, the trial court dismissed plaintiff's discrimination claim. Then, the trial court held that, since plaintiff was not subjected to racial discrimination, "he could not have opposed a violation of the Act for which defendant could have retaliated against him." Therefore, the trial court dismissed plaintiff's retaliation claim.

## II. ANALYSIS

## A. DISCRIMINATION

On appeal, plaintiff argues that the trial court erred by dismissing his discrimination claim because plaintiff successfully created a genuine issue of material fact regarding whether he was racially discriminated against while in defendant's employment, and because the trial court failed to consider plaintiff's allegations collectively. We conclude that the trial court did not err by granting defendant summary disposition of plaintiff's harassment claim because plaintiff failed to create a genuine issue of material fact concerning whether he was subjected to a racially hostile work environment, and the trial court properly considered the totality of the circumstances in reaching its conclusion.

This Court "reviews de novo a trial court's ruling on a motion for summary disposition." *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). A party is entitled to summary disposition pursuant to MCR 2.116(C)(10) when the evidence does not present a genuine issue of material fact. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the

nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotation marks and citation omitted). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Jewett*, 332 Mich App at 470 (quotation marks and citation omitted). This includes pleadings, affidavits, admissions, and depositions, along with other evidence submitted by the parties. *Walega v Walega*, 312 Mich App 259, 265-266; 877 NW2d 910 (2015).

"Harassment based on any of the enumerated classifications in MCL 37.2202(1)(a) is an actionable offense." *Major v Village of Newberry*, 316 Mich App 527, 549; 892 NW2d 402 (2016) (citation omitted). Race is one of the enumerated classes in MCL 37.2202(1)(a). To establish a prima facie case of hostile work environment based on discrimination, a plaintiff must prove:

> (1) the employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of the protected status; (3) the employee was subjected to unwelcome conduct or communication on the basis of the protected status; (4) the unwelcome conduct or communication was intended to, or in fact did, interfere substantially with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior. [*Major*, 316 Mich App at 550 (quotation marks and citation omitted).]

Although there is no dispute that plaintiff is part of a protected racial class because he is African-American, the lower court record does not otherwise demonstrate that plaintiff could establish a genuine issue of fact on the remaining four elements.

Plaintiff argues that Beyst's use of "n****r" revealed that his "hostile" treatment of plaintiff was racially motivated, as did the fact that Beyst treated Caucasian team leaders better than African-American team leaders. Plaintiff argues that these two things demonstrated that he was subjected to unwelcome communication and conduct based on his protected class. However, plaintiff failed to create a genuine issue of material fact regarding the fourth and fifth prima facie elements. See *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016) ("Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.") (quotation marks and citation omitted).

With respect to the fourth element, plaintiff argues that the racial discrimination he suffered created a hostile workplace, and the hostility caused him to be unable to do his job because he did not feel comfortable asking Beyst questions, and had to go home on one occasion because the discrimination triggered his mental illness. "Whether a hostile work environment was created by the unwelcome conduct [is] determined by whether a reasonable person, in the totality of circumstances, would have perceived the conduct at issue as substantially interfering with the plaintiff's employment or having the purpose or effect of creating an intimidating, hostile, or offensive employment environment." *Major*, 316 Mich App at 549 (quotation marks, citation, and alteration omitted).

First, plaintiff's allegation that he had to go home one day because Beyst's behavior triggered his mental health, even if taken as true, does not seem to rise to the level of "substantial interference" with plaintiff's ability to perform his job because plaintiff only went home early on

one day. Plaintiff also alleged that Beyst's aggression caused him not to ask questions, thereby inhibiting him from doing his job. However, plaintiff did not provide any evidence indicating that he was unable to perform an aspect of his job because he was afraid to ask Beyst questions.

Second, even if Beyst used the word "n****r" twice, plaintiff failed to provide evidence demonstrating that such limited usage of the offensive term substantially interfered with his employment. Importantly, plaintiff testified that defendant promptly removed "n****r" from the bathroom wall, demonstrating that defendant did not condone the use of the term in the workplace. Accordingly, plaintiff did not create a genuine issue of material fact regarding whether Beyst's behavior substantially interfered with plaintiff's ability to do his job. See *Grand Trunk Western RR, Inc v Auto Warehousing Co*, 262 Mich App 345, 350; 686 NW2d 756 (2004) (a party opposing a motion for summary disposition cannot rely on mere allegations, it must set forth evidence demonstrating a genuine issue of material fact).

Although when viewed in the light most favorable to plaintiff, there was sufficient evidence to create a genuine issue of material fact regarding whether Beyst's conduct created a hostile work environment, the fourth element is premised on demonstrating that the unwelcomed conduct creating the hostile work environment resulted from racial discrimination, not just bad management. See *Major*, 316 Mich App at 550 (stating that to establish the fourth element, the defendant's unwelcome conduct or communication *based on the plaintiff's protected status* must have been intended to, or in fact did, "interfere substantially with the employee's employment or created an intimidating, hostile, or offensive work environment.") (quotation marks and citation omitted). Plaintiff did not demonstrate that he received unwelcomed conduct and communication based on his protected status, and there was no genuine issue of material fact that plaintiff was not subjected to a racially-hostile work environment.

The same holds true with respect to the final prima facie element, respondeat superior. Although there was no dispute that Beyst was an agent of defendant, see *Sheridan v Forest Hills Pub Sch*, 247 Mich App 611, 622-623; 637 NW2d 536 (2001), plaintiff failed to create a genuine issue of material fact regarding whether defendant had notice of Beyst's alleged discrimination. "[A]n employer must have actual or constructive notice of the alleged harassment before liability will attach to the employer." *Id*. at 621.

> Where . . . the plaintiff seeks to hold the employer responsible for the hostile environment created by the plaintiff's supervisor or co-worker, she must show that the employer knew or should have known of the harassment in question and failed to take prompt remedial action. . . . The employee can demonstrate that the employer knew of the harassment by showing that she complained to higher management of the harassment . . . or by showing the pervasiveness of the harassment, which gives rise to the inference of knowledge or constructive knowledge. [*Id*. (quotation marks and citation omitted).]

With respect to actual notice, plaintiff filed two complaints in 2019 which alleged that Beyst accused him of not being a real team leader, harassed him, and acted aggressively toward him. However, plaintiff did not allege that Beyst's ill behavior was racially motivated, and never mentioned racial discrimination or Beyst's alleged use of "n****r" in his two reports concerning the March 16, 2020 incident. Because plaintiff did not allege that the harassment was racially

-4-

motivated, plaintiff's complaints to defendant were insufficient to give defendant actual notice of the alleged racial discrimination. See *Elezovic v Ford Motor Co*, 472 Mich 408, 428; 697 NW2d 851 (2005) (holding that the plaintiff failed to put the defendant on notice that sexual harassment was occurring because her letters to the defendant only mentioned "harassment" and a "hostile work environment," without noting that the harassment was based on her protected class). Additionally, plaintiff did not refute defendant's evidence that plaintiff never made a report of discrimination to the HR department.

Even assuming plaintiff's conversations with his union representatives included discussions of racial discrimination, that was also insufficient to give defendant actual notice of racial discrimination because a labor union is a separate entity from an employer, and plaintiff offered no evidence demonstrating that his union representative communicated with defendant about plaintiff's alleged racial discrimination complaints. See MCL 37.2201(a) and (c) (defining employers and labor organizations as separate entities). Plaintiff testified that he did not know whether his union representative contacted defendant about plaintiff's complaints. Without any evidentiary support for his assertion, plaintiff failed to create a genuine issue of material fact regarding whether defendant had actual notice of plaintiff's racial discrimination complaints. See *Grand Trunk*, 262 Mich App at 350 (a party opposing a motion for summary disposition must set forth evidence demonstrating a genuine issue of material fact).

Additionally, plaintiff failed to create a genuine issue of fact regarding whether defendant had constructive notice of the alleged racial discrimination. A defendant can be charged with constructive knowledge of harassment if the harassment was so pervasive that it gave rise to the inference that defendant had notice thereof. *Sheridan*, 247 Mich App at 621. If plaintiff presented evidence that Beyst habitually treated Caucasian employees noticeably better than African-American employees, or that Beyst routinely used the term "n****r" or a similar inappropriate term in the workplace, plaintiff might have been able to demonstrate defendant had constructive notice of Beyst's racial discrimination. However, plaintiff provided no evidence demonstrating that Beyst treated African-American employees worse than Caucasian employees.[1] Nor was there any evidence that Beyst used the term "n****r" more than twice, which does not equate to pervasive use, such that defendant should be charged with constructive notice thereof. See *id*. (holding that a defendant can be charged with constructive knowledge of racial discrimination

---

[1] Plaintiff failed to provide evidentiary support for his allegation that Beyst treated the Caucasian team leaders better than the African-American team leaders. In fact, Jason Cannon, a Caucasian team leader, alleged that Beyst aggressively interacted with him on March 16, 2020, telling him to turn the "f***ing line on" and invading Cannon's personal space. Cannon stated that he had never been so poorly treated by a supervisor. That Beyst directed aggressive behavior toward Cannon and plaintiff undermines plaintiff's assertion that Beyst treated plaintiff poorly because of his race, especially since plaintiff failed to provide any evidence indicating that Beyst mistreated other African-American workers. Further, plaintiff argues that Beyst's comments, telling plaintiff that he was not a real team leader, were necessarily racially motivated because plaintiff was the only African-American team leader. Plaintiff, however, admitted that Beyst had multiple other African-American team leaders under his authority, and Beyst also picked on Cannon, a Caucasian team leader.

when the discriminatory conduct is pervasive). Accordingly, plaintiff did not create a genuine issue of material fact.

Finally, plaintiff alleges that the trial court erred by failing to consider each of plaintiff's allegations of discrimination collectively, instead considering each individually and determining that the weight of the individual factors was insufficient to create a genuine issue of material fact. While it is true that the trial court was required to evaluate plaintiff's claim based on the totality of the circumstances, the trial court only considered, individually, the four factual allegations plaintiff relied on to establish his claim in order to demonstrate that three of the four were not supported by the record. See *Major*, 316 Mich App at 550 (explaining that hostile work environment claims are evaluated based on whether a reasonable person would, in the totality of the circumstances, perceive the at-issue conduct as creating a hostile work environment). Then, while assuming Beyst did use "n****r" in reference to plaintiff on March 16, 2020, the trial court evaluated that allegation and concluded that such limited use of the term did not substantially interfere with plaintiff's employment. The trial court did not consider the evidence in a piecemeal fashion, but considered whether each provided evidence of race discrimination, which if they had, would have been considered in totality. The trial court did not err when it granted defendant summary disposition of plaintiff's racial harassment claim.

## B. RETALIATION

Plaintiff also argues that the trial court erred by dismissing his retaliation claim on the basis that plaintiff failed to establish his racial discrimination claim.

The ELCRA states the following in MCL 37.2701:

> Two or more persons shall not conspire to, or a person shall not:
>
> (a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

It is well-settled that "[t]o establish a prima facie case of unlawful retaliation under the Civil Rights Act, a plaintiff must show (1) that he engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 161; 934 NW2d 665 (2019) (quotation marks and citation omitted).

The trial court held that, because plaintiff was not subjected to race discrimination, he could not have opposed a violation of ELCRA and suffered retaliation from that opposition. The trial court erred in that regard, because opposing a violation of ELCRA is only one type of protected activity; filing a complaint alleging a violation of ELCRA is another type of protected activity. See *id*. (stating that "protected activity" includes filing a complaint pursuant to the ELCRA). More to the point, plaintiff did not have to establish that his opposition was to an actual violation of the ELCRA to establish a prima facie case of retaliation. See e.g., *Reznik v inContact, Inc*, 18 F4th

-6-

1257, 1262-63 (CA 10, 2021). However, the trial court still reached the correct outcome. See *Bailey v Antrim Co*, 341 Mich App 411, 420; 990 NW2d 372 (2022) (holding that a trial court's decision can be upheld on appeal where the right result was reached, though for the wrong reason).

This holds true because plaintiff failed to create a genuine issue of material fact regarding whether he engaged in a protected activity. "MCL 37.2701(a) prohibits retaliation where a party lodges a charge or a complaint about a violation of the CRA." *Rymal v Baergen*, 262 Mich App 274, 315; 686 NW2d 241 (2004). None of plaintiff's complaints or reports to defendant included allegations of racial discrimination; rather, they only included general allegations of harassment. In *Mitan v Neiman Marcus*, 240 Mich App 679, 682; 613 NW2d 415 (2000), this Court held that the plaintiff failed to demonstrate that she engaged in a protected activity because the complaints of discrimination that she raised to her employer did not allege that the discrimination was based on a protected characteristic.[2]

Accordingly, plaintiff failed to create a material issue of fact regarding the first prong of his retaliation claim because he provided no evidence demonstrating that he engaged in a protected activity by filing complaints about racial discrimination with defendant. See *Grand Trunk*, 262 Mich App at 350 (a party opposing a motion for summary disposition must set forth evidence demonstrating a genuine issue of material fact). The trial court properly granted summary disposition of plaintiff's retaliation claim.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ David H. Sawyer

---

[2] Further, plaintiff provided no factual support for his assertion that he told his union representative that Beyst's hostility was the result of racial discrimination.