In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1945

HOLLY B. GERACI,

*Plaintiff-Appellant,*

*v.*

UNION SQUARE CONDOMINIUM
ASSOCIATION,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 2466 — **Matthew F. Kennelly**, *Judge.*

ARGUED FEBRUARY 22, 2018 — DECIDED MAY 25, 2018

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges*.

BAUER, *Circuit Judge.* This appeal arises from a Fair Housing Act ("FHA") failure to accommodate and retaliation claim. A jury found in favor of the defendant, Union Square Condominium Association ("Union Square"). The plaintiff, Holly Geraci, now appeals asserting that the district court errone-

ously instructed the jury as to the elements for her retaliation claim, and erroneously allowed Union Square to present testimony from an expert witness as to whether or not she qualified as handicap under the FHA.

## I. BACKGROUND

Geraci owns and lives in a unit at Union Square with her husband and dog. This claim originates from an incident in one of Union Square's elevators involving another individual and an unspecified number of dogs. Due to this incident, Geraci sought psychological treatment and was subsequently diagnosed with post-traumatic stress disorder ("PTSD").

Geraci filed an accommodation request with Union Square, and upon denial of her request, she filed a four count complaint against Union Square. Relevant to this appeal, Geraci alleged a failure to accommodate her handicap and retaliation by the association for her seeking an accommodation, both in violation of the FHA. Geraci asserted entitlement to a reasonable accommodation based on her diagnosis of PTSD, which, she asserted, rose to the level of a handicap. She further asserted Union Square retaliated against her when Union Square's Board ("the Board") published two litigation updates and held an open forum to discuss and update Union Square's co-owners about the status of the lawsuit.

After the district court denied Union Square's motion for summary judgment, the case went to trial. Over Geraci's objection, Union Square presented testimony of the psychiatrist who had previously conducted a court ordered Rule 35 of the Federal Rules of Civil Procedure examination during litigation. The psychiatrist's testimony contradicted the diagnosis of

Geraci's treating psychologist, diagnosing her with three separate mental conditions, none of which were PTSD. Geraci's overarching objection was to the district court allowing Union Square to question whether Geraci had a mental impairment.

After the district court instructed the jury, the case was submitted to the jury. During deliberations, the jury sent a note to the district court that read, "[i]f all of us jurors agreed she did not have a handicap per FHA criteria, do we need to go through all items on the first and second claims to establish verdict?" The district court responded by referring the jury back to the instructions that had been provided. The jury returned a verdict in favor of Union Square. This appeal followed.

On appeal, Geraci argues the district court erred in instructing the jury that in order to recover for retaliation in violation of 42 U.S.C. § 3617, Geraci first had to prove she has a handicap, and in allowing Union Square to present testimony from an expert witness challenging Geraci's claimed mental impairment.

## II. ANALYSIS

### A. Retaliation

At trial, Geraci alleged Union Square retaliated against her because she requested an accommodation. On appeal, she argues the district court erred in instructing the jury that she must first prove she is handicapped to prevail on a retaliation claim under § 3617. We affirm not on the basis that the district court properly instructed the jury, but rather that there was no triable issue for Geraci's retaliation claim.

Section 3617 of the FHA provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

Geraci asserted that Union Square retaliated against her when it held the open forum and sent the two litigation updates to the co-owners of Union Square. She argued this conduct was retaliatory because the Board had never acted in this manner before, and that this conduct revealed her PTSD, causing her to suffer emotional distress and embarrassment. Thus, she attempts to characterize the Board revealing the basis of the lawsuit to Union Square's co-owners as coercive, intimidating, threatening, or interfering conduct. This is a far cry from the retaliatory conduct anti-retaliation statutes intend to prevent.

The moment Geraci filed a lawsuit against Union Square is the moment her PTSD became public knowledge. Geraci's counsel conceded at oral argument that no information revealed at the open forum or in either litigation update veered beyond factual representation of the public record. No federal law prevents co-owners of a condominium association from knowing why their association is bearing legal costs. Additionally, it should be expected that Union Square's co-owners would want to know the details of the lawsuit, if for nothing

else, to consider whether the suit should be settled. Sending litigation updates and holding an open forum are reasonable measures to take in order to inform co-owners of such information.

Geraci fails to point to any conduct that a person of normal fortitude would view as coercive, intimidating, threatening, or interfering with the exercise of her protected right under the FHA. See *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) (finding retaliation claims must be objectively analyzed from "the perspective of a reasonable person in the plaintiff's position"). Thus, we affirm on the grounds that there was no triable issue as to whether Union Square's conduct would "coerce, intimidate, threaten, or interfere with" a person of reasonable fortitude.

### B.  Expert Testimony

Geraci next argues the district court erred in allowing Union Square to present expert testimony about whether Geraci had a handicap. We review evidentiary decisions for an abuse of discretion, including decisions on whether to admit expert testimony. *Stuhlmacher v. Home Depot U.S.A., Inc.*, 774 F.3d 405, 409 (7th Cir. 2014).

Geraci admits that the first element she must prove in her § 3604 failure to accommodate claim is that she has a handicap. However, she argues Union Square should not have been afforded the opportunity to disprove this element through the use of an expert witness. Rather, she argues Union Square should only have had the opportunity to argue that, as a matter of law, her condition is not an impairment.

As previously stated, the FHA covers only qualified individuals, such as individuals with a handicap. § 3604(f)(2). As the plaintiff, Geraci holds the burden of proving she is handicapped within the meaning of the statute. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1060 (7th Cir. 2000).[1] To be afforded protection under the FHA as a handicapped person, Geraci must first prove that she has (1) a physical or mental impairment which substantially limits a major life activity; (2) a record of such an impairment; or (3) is regarded as having such an impairment. § 3602(h). Whether the plaintiff has an impairment is to be determined by the fact finder on a case-by-case basis. *Dadian v. Vill. of Wilmette*, 269 F.3d 831, 837 (7th Cir. 2001).

We have not found a case where a plaintiff can unequivocally assert a condition under an FHA claim, allowing the defense only to argue that this condition is not an impairment. Geraci must prove she is handicapped and thus, Union Square has the right to disprove that very fact. It is a most basic tenet of law that a defendant has the right to defend himself when accusations are asserted against him. One of the most common ways to defend oneself is through disproving any one or more of the elements the plaintiff carries the burden of proving. Here, Union Square had the right to disprove that Geraci is handicapped. We find no abuse of discretion in the district

---

[1] While *Schneiker* analyzes the ADA, "the requirements for showing failure to reasonably accommodate are the same under the ADA and the FHA[]." *Good Sheperd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 561 (7th Cir. 2003).

court allowing the expert witness to testify as to Geraci's condition.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's findings.