*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PRJ CAPITAL, LLC,

      Plaintiff/Counterdefendant-Appellee,

v

VALERIE MORAN,

      Defendant/Counterplaintiff/Third-Party Plaintiff-Appellant,

and

DAVID JAMES,

      Third-Party Defendant-Appellee.

UNPUBLISHED
March 21, 2024

No. 365259
Oakland Circuit Court
LC No. 2022-192202-CZ

Before: FEENEY, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendant-counterplaintiff Valerie Moran appeals as of right the trial court's order granting summary disposition in favor of plaintiff-counterdefendant PRJ Capital, LLC ("PRJ"), and third-party defendant David James, pursuant to MCR 2.116(C)(8) (failure to state claim on which relief can be granted), and thereby dismissing defendant's counterclaims and third-party claims for disability discrimination and retaliation under the Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.*, and the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988 (FHAA), 42 USC 3601 *et seq.*[1] We affirm.

---

[1] Because defendant's counterclaims against PRJ and third-party claims against James are based on the same factual allegations, we will generically use the term "counterclaims" to refer to defendant's claims against both PRJ and James.

-1-

## I. FACTS AND PROCEEDINGS

Defendant rented a house in Madison Heights pursuant to a month-to-month holdover tenancy. PRJ and James, who is PRJ's principal, owned and managed the house. Defendant experienced financial difficulties and fell behind in her monthly rental payments in 2020 and 2021. By early 2021, she became current with her rental payments but communicated with James regarding her financial situation. In March 2021, defendant sent James an e-mail in which she attributed her financial difficulties to the COVID-19 pandemic, her clients' failure to pay her fees, and health problems involving transient ischemic attacks ("TIAs"). She advised James that she expected her physicians to approve her return to full-time work soon. In April 2021, she informed James that she was still having financial and health problems. She indicated that she was diagnosed with "relapsing polychondritis" and recently had an adverse reaction to medication that was prescribed for this condition. She told James that she was applying to the Salvation Army for assistance in paying rent and requested James to provide documentation in support of her application. James replied that he decided to terminate defendant's month-to-month tenancy, effective at the end of May.

PRJ gave defendant notice to quit and initiated eviction proceedings in the district court. Defendant brought counterclaims against PRJ and James for disability discrimination in violation of the PWDCRA and FHAA. She alleged that she requested the reasonable accommodation of PRJ and James's cooperation with her application for rent assistance, which was made necessary by a disability, and that PRJ and James unreasonably denied her request and retaliated against her by terminating the lease. After the counterclaims were removed to circuit court, PRJ and James moved for summary disposition under MCR 2.116(C)(8). They argued that defendant failed to plead valid claims for discrimination because her countercomplaint failed to state that she had a disability within the meaning of the PWDCRA or FHAA, or that they made an adverse decision in retaliation for any accommodation request. The trial court granted the motion and subsequently denied defendant's motion for reconsideration.

## II. DISCRIMINATION BY DENYING REASONABLE ACCOMMODATION

Defendant argues that the trial court erred by ruling that she failed to plead a valid claim for disability discrimination in housing under the PWDCRA and FHAA. "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2018) (emphasis in original). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id.* at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id.*

Under the PWDCRA the opportunity to obtain housing "without discrimination because of a disability is guaranteed by this act and is a civil right." MCL 37.1102(1). "[A] person shall accommodate a person with a disability for purposes of . . . housing unless the person demonstrates that the accommodation would impose an undue hardship." MCL 37.1102(2). "Disability" is defined by MCL 37.1103(d), in relevant part, to mean one or more of the following conditions:

(*i*) A determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic:

* * *

(D) For purposes of article 5, substantially limits 1 or more of that individual's major life activities and is unrelated to the individual's ability to acquire, rent, or maintain property.

(*ii*) A history of a determinable physical or mental characteristic described in subparagraph (*i*).

(*iii*) Being regarded as having a determinable physical or mental characteristic described in subparagraph (*i*).

A person may not "[r]efuse to make reasonable accommodations in rules, policies, practices, or services, when the accommodations may be necessary to afford the person with a disability equal opportunity to use and enjoy residential property." MCL 37.1506a(1)(b).

The FHAA defines "handicap" to mean, "with respect to a person – (1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment . . . ." 42 USC 3602(h). The FHAA prohibits discrimination on the basis of handicap in the provision of housing. 42 USC 3604(f). The FHAA defines discrimination to include "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied" by a disabled person, 42 USC 3604(f)(3)(A), and "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling," 42 USC 3604(f)(3)(B).

This Court may consider federal caselaw interpreting and applying federal civil rights legislation when considering issues concerning this state's civil rights legislation if the language in the federal and state statutes is substantially similar. *Miller v Mich Dep't of Corrections*, 343 Mich App 104, 113; 996 NW2d 738 (2022), lv gtd 511 Mich 860 (2023). Defendant's housing discrimination claim is predicated on PRJ and James's alleged refusal of accommodation in "rules, policies, practices, or services" that are "necessary to afford" her, as a disabled person, "equal opportunity to use and enjoy" a dwelling or residential property. MCL 37.1506a(1)(b); 42 USC 3604(f)(3)(B). The requested accommodation involves the "service" of assisting defendant with her application for rent assistance, which she allegedly needed because of a disability that diminished her earning capacity. Because the PWDCRA and FHAA have substantively identical language with respect to discrimination on the basis of handicap or disability in housing by refusal of a reasonable and necessary accommodation, federal caselaw analyzing FHAA claims provides useful guidance in also analyzing defendant's PWDCRA claims.

To establish a claim for housing discrimination under the FHAA predicated on the denial of a reasonable and necessary accommodation, a plaintiff must prove that

(1) she suffers from a disability within the meaning of FHA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation. [*Riverbrook v Fabode*, 333 Mich App 645, 657; 963 NW2d 415 (2020), vacated in part on other grounds 510 Mich 1061 (2022), quoting *Overlook Mut Homes, Inc v Spencer*, 415 F Appx 617, 621 (CA 6, 2011).[2]]

The housing provider "is entitled to seek information from an allegedly disabled person in order to establish the existence of a disability and the necessity of the accommodation." *Riverbrook*, 333 Mich App at 658, quoting *Overlook Mut Homes*, 415 F Appx at 621-622. A claim for discrimination predicated on the refusal of a reasonable accommodation "does not require the plaintiff to prove that the challenged policy intended to discriminate or that in effect it works systematically to exclude the disabled." *Cinnamon Hills Youth Crisis Ctr, Inc v Saint George City*, 685 F3d 917, 922-923 (CA 10, 2012). "But while the FHA requires accommodations necessary to ensure the disabled receive the *same* housing opportunities as everybody else, it does not require *more* or *better* opportunities." *Id*. at 923 (emphasis in original) "[W]hen there is no comparable housing opportunity for non-disabled people, the failure to create an opportunity for disabled people cannot be called necessary to achieve equality of opportunity in any sense." *Id*. To determine whether a requested accommodation is necessary, the court must consider three elements: (1) whether the request is reasonable, (2) whether it pertains to equal opportunity, and (3) whether it is necessary. *Bachman v Swan Harbour Ass'n*, 252 Mich App 400, 420; 635 NW2d 415 (2002). To prove that the accommodation is necessary, the plaintiff must show that she would be denied an equal opportunity to enjoy the housing of her choice. *Id*. at 420-421.

Preliminarily, we note that defendant's counterclaims were predicated in part on e-mails that she exchanged with James, the content of which she embedded into the allegations in her countercomplaint. Although a party generally may not use documentary evidence such as affidavits or depositions to support a motion for summary disposition under MCR 2.116(C)(8), because the e-mails were directly embedded into defendant's countercomplaint, we may properly consider them as part of the pleadings. Cf. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 212; 933 NW2d 363 (2019), lv den 505 Mich 994 (2020) (a contract attached to a complaint "becomes part of the pleadings").

The first element of a refusal-of-accommodation claim is that the claimant is disabled within the meaning of the statutes. *Riverbrook*, 333 Mich App at 657. Defendant alleged that she

---

[2] The parties dispute whether the burden-shifting framework developed by the United States Supreme Court in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), is relevant to a review of PRJ and James's motion under MCR 2.116(C)(8). However, the trial court properly declined to apply this framework in its analysis. The *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v Sorema NA*, 534 US 506, 510; 122 S Ct 992; 152 L Ed 2d 1 (2002); see also *El-Khalil*, 504 Mich at 162. Therefore, it is not applicable when reviewing a motion under MCR 2.116(C)(8), which focuses solely on the legal sufficiency of pleadings.

"experienced financial hardship due to pandemic and ongoing health issues, impacting her ability to work." She stated in her e-mail to James: "My health crisis was unforeseen (Multiple TIAs). . . . I am now on meds and allowed to work again." These statements do not assert that defendant has a health condition that "substantially limits" a major life activity. MCL 37.1103(d)(*i*)(D); 42 USC 3602(h). They merely indicate that she had an unexpected health crisis that was now being treated, which was one of two factors contributing to her recent financial difficulties. She also stated that she was allowed to work part time. In the same series of e-mails she further stated, "I am also experiencing a financial hardship in that my clients are either not paying at all or paying very small payments that are late." She added that she recently had an adverse reaction to her TIA medication, causing her to go to urgent care, but she expected to "be cleared to work fulltime next week." These statements also fail to allege a disability that substantially limited a major life activity. They indicate only that defendant experienced some health issues that were presently being managed.

Defendant also alleged in her counterclaims that she was diagnosed with "relapsing polychondritis," which she stated has "a broad range of outcomes" and is "life-threatening" for some individuals. She provided additional information regarding this condition in a footnote, stating:

> "Relapsing Polychondritis is a chronic (long-lasting) disease, although medications frequently can reduce the severity of symptoms. Sometimes, the disease goes into spontaneous remission, meaning it goes away temporarily, whether or not the person is treated. In most cases, remission is the result of receiving effective medication. The outlook for people with polychrondritis is highly variable. *People with active disease involving the airways may die prematurely.* However, milder disease or disease that responds rapidly to treatment may have an excellent prognosis." (emphasis added) (available at https://www.drugs.com/health-guide/polychondritis.html).

This statement suggests that polychondritis could potentially meet the statutory definition of a disability or handicap if the symptoms are severe, but it also indicates that the condition could be successfully treated or resolved without treatment. For purposes of this case, defendant did not allege any information indicating where her condition might fall within this spectrum. She provided only a generic description of the condition without specifying how the condition affected her personally or how it substantially limited any major life activity.

Further, when defendant first requested PRJ and James's assistance with her application to the Salvation Army, she did not indicate that the request was related to an alleged disability. Defendant did not inform PRJ and James that her need for rent assistance resulted from her "ongoing medical expenses and loss of income due to my current medical situation" until April 30, 2021, *after* James advised her on April 26, 2021, that he was terminating the month-to-month tenancy, effective at the end of May. Moreover, defendant's request for "a reasonable accommodation of my medical condition" still failed to state facts establishing a disability or handicap as defined by the PWDCRA and FHAA. She stated that she received a diagnosis that "confirmed the relapsing and progressive nature of my condition," but she never alleged an underlying condition that substantially limited a life activity. Merely alleging the "relapsing" of a "progressive" condition is insufficient to allege a disability unless the condition substantially limits a life activity. MCL 37.1103(d)(*i*)(D); 42 USC 3602(h). Defendant did not specify a condition

that substantially limited a life activity. Thus, the allegations in support of defendant's counterclaims, including the contents of her e-mail communications, failed to plead sufficient facts to establish the first element of a claim for disability discrimination under a refusal-of-accommodation theory.

Defendant also failed to plead facts in support of the second element, that PRJ and James knew or had reason to know that she was disabled before they decided to terminate the month-to-month tenancy. *Riverbrook*, 333 Mich App at 657. "As a threshold matter, the employee who needs an accommodation because of a disability has the responsibility of informing [his] employer." *Mueck v La Grange Acquisitions, LP*, 75 F4th 469, 485 (CA 5, 2023). PRJ and James could not have known that defendant was disabled if defendant failed to inform them of a disability in her communications to them. As already explained, defendant blamed her past financial difficulties on both health and business problems, but she also advised PRJ and James that her health issues were being managed or had resolved. She did not notify them of a health condition that substantially limited a life activity. It was not until after PRJ and James decided to terminate the lease that defendant informed them that she was applying for rent assistance because of her "current" medical problems. This was the earliest instance in which defendant identified her medical problems as a primary reason for needing rent assistance. Even if this latter statement could support an inference that PRJ and James were informed that defendant may be disabled, it would not establish that PRJ and James knew or had reason to know that defendant was disabled when they terminated her tenancy and declined her request to provide documentation to the Salvation Army. This deficiency supports PRJ and James's entitlement to summary disposition under MCR 2.116(C)(8).

Defendant argues that PRJ and James wrongly assert that her countercomplaint was deficient because it did not contain a detailed description and list of symptoms for her condition. However, as explained earlier, defendant failed to plead pertinent facts to support a condition that meets the statutory definition of a disability or handicap. This deficiency, not the lack of detail, renders the counterclaims inadequate. Defendant also argues that PRJ and James belatedly challenged her disability in defense to her claim instead of requesting more information from her before denying her request for accommodation. "If a landlord is skeptical of a tenant's alleged disability or the landlord's ability to provide an accommodation, it is incumbent upon the landlord to request documentation or open a dialogue." *Jankowski Lee & Assoc v Cisneros*, 91 F3d 891, 895 (CA 7, 1996). This argument is not relevant here because defendant failed to inform PRJ and James that she sought accommodation of a disability until after they terminated her tenancy. Because defendant failed to allege sufficient facts to establish a disability in her e-mail communications and counterclaims in the first instance, and she did not inform PRJ and James that she sought accommodation of an unspecified disability until after they terminated her tenancy, PRJ and James had no cause to "open a dialogue" regarding defendant's disability.

In sum, defendant failed to allege that she had a disability within the meaning of the PWDCRA and FHAA, or that PRJ and James knew of any disability when they denied her request for accommodation. Therefore, the trial court did not err by dismissing defendant's claims of disability discrimination under the PWDCRA and FHAA pursuant to MCR 2.116(C)(8).

## III. RETALIATION

## A. RETALIATION UNDER THE PWDCRA

Under the PWDCRA, a person may not "[r]etaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." MCL 37.1602(a). The elements of a claim for unlawful retaliation under the PWDCRA are: (1) that the claimant engaged in a protected activity; (2) that the defendant knew about the protected activity; (3) that the defendant made an "action adverse to the plaintiff; and (4) that there was a causal relationship between the protected activity and the adverse action." *Bachman*, 252 Mich App at 435, quoting *Mitan v Neiman Marcus*, 240 Mich App 679, 681; 613 NW2d 415 (2000).

Under the language of MCL 37.1602(a), a plaintiff has two means of satisfying the first step in proving retaliation: (1) by demonstrating that the plaintiff opposed a violation of the PWDCRA, or (2) by demonstrating that the plaintiff (a) made a charge, (b) filed a complaint, or (c) testified or participated in an investigation or proceeding under the PWDCRA. *Bachman*, 252 Mich App at 435. "[I]f a person satisfies the requirements under either of these two prongs of MCL 37.1602(a), then the person is said to be engaging in a 'protected activity.' " *Bachman*, 252 Mich App at 435. Additionally, "when a plaintiff engages in the protected activity by opposing a violation of the PWDCRA, then the plaintiff must inform and give notice to the landlord so that the landlord has knowledge that the plaintiff is objecting to the violation of the PWDCRA." *Id*. In *Bachman*, this Court held that the plaintiff's request "regarding snow removal did not constitute an opposition to a violation of the PWDCRA, but was merely a request for an accommodation." *Id*. at 436.

In the instant case, defendant alleges that she engaged in protected activity by requesting an accommodation. As discussed earlier, defendant failed to request an accommodation as contemplated under the PWDCRA because she failed to advise PRJ and James that she had a disability, that her difficulty in meeting her rent obligations resulted from a disability, and that her request for assistance was necessary to accommodate her disability. These deficiencies aside, this Court held in *Bachman*, 252 Mich App 436, that a request for an accommodation is not a protected activity under MCL 37.1602(a). Therefore, PRJ and James were entitled to summary disposition with respect to defendant's claim that PRJ and James retaliated against her for requesting an accommodation under the PWDCRA.

## B. RETALIATION UNDER THE FHAA

Under the FHAA, "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 USC 3617. In *Geraci v Union Square Condo Ass'n*, 891 F3d 274 (CA 7, 2018), the plaintiff alleged that the defendant retaliated against her for seeking an accommodation for her post-traumatic stress disorder. *Id*. at 276. The Seventh Circuit concluded that the allegedly retaliatory conduct did not rise to the level of "the retaliatory conduct anti-retaliation statutes intend to prevent." *Id*. at 277. The court thus tacitly acknowledged that a request for an accommodation is activity that may give rise to a claim of retaliation.

To establish a claim for retaliation under the FHAA, defendant was required to show (1) that she was engaging in protected activity; (2) that PRJ and James made a materially adverse action against her; and (3) that there was a causal connection between the protected activity and the adverse action. *Mueck*, 75 F4th at 488; see also *San Pedro Hotel Co, Inc v City of Los Angeles*, 159 F3d 470, 477 (CA 9, 1998).

Defendant's pleadings do not support a claim for retaliation under the FHAA because she failed to plead that she engaged in protected activity. As discussed earlier, defendant failed to sufficiently allege that she informed PRJ and James that her application for rent assistance was related to a disability. Therefore, her allegations are insufficient to establish that she was requesting an accommodation of a disability when she requested that PRJ and James provide documents to the Salvation Army. Additionally, PRJ and James decided to terminate her tenancy before defendant framed her request as a possible request for accommodation of a disability. Therefore, defendant failed to plead a causal connection between any protected activity and the adverse action. Accordingly, the trial court properly granted PRJ and James's motion for summary disposition of defendant's retaliation claim under the FHAA.

## IV. DENIAL OF LEAVE TO AMEND

Defendant also argues that the trial court erred by denying her request for an opportunity to amend her complaint. We disagree.

This Court reviews a trial court's decision whether to allow a party to amend a complaint for an abuse of discretion. *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017). "A court abuses its discretion when its decision is outside the range of reasonable and principled outcomes." *Citizens for Higgins Lake Legal Levels v Roscommon Co Bd of Comm'rs*, 341 Mich App 161, 178; 988 NW2d 841 (2022) (quotation marks and citation omitted).

"A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." MCR 2.118(A)(1). Otherwise, "a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.118(A)(2). When a party moves for summary disposition under MCR 2.116, "[i]f the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that an amendment would not be justified." MCR 2.116(I)(5). The trial court is not required to give the parties an opportunity to amend pleadings if any amendment would be futile. *Mich Head & Spine Institute, PC v Mich Assigned Claims Plan*, 331 Mich App 262, 277; 951 NW2d 731 (2019). "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Id.* (quotation marks and citation omitted).

The trial court concluded that "an amendment would not be justified based on the Motion and Response." The court remarked that there was no indication that PRJ and James knew that defendant was disabled within the meaning of the statutes when they terminated the tenancy.

Defendant did not allege that her countercomplaint omitted any information regarding her communications with James about her medical condition or need for accommodation. Furthermore, defendant did not offer a proposed amended complaint or otherwise indicate how she could remedy the deficiencies in her original countercomplaint. Although defendant also argues that PRJ and James's failure to provide discovery prejudiced her ability to factually establish her claims, the trial court did not grant summary disposition on the basis that defendant failed to demonstrate factual support for her claims. Rather, the court granted summary disposition under MCR 2.116(C)(8), which only considers the legal sufficiency of a plaintiff's pleadings. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). Because defendant failed to demonstrate how amendment would cure the deficiencies in her original complaint, the trial court did not abuse its discretion by denying defendant leave to amend her countercomplaint.

## V. DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant argues that the trial court erred by failing to address her motion to compel discovery on the ground that the motion was moot. We disagree.

A trial court's decision on a motion to compel discovery is generally reviewed for an abuse of discretion. *In re Estate of Seybert*, 340 Mich App 207, 210; 985 NW2d 874 (2022). A primary purpose of discovery is to simplify and clarify the issues to be tried. *Hamed v Wayne Co*, 271 Mich App 106, 109; 719 NW2d 612 (2006). In this case, however, because defendant's countercomplaint failed to state actionable claims for disability discrimination and retaliation as a matter of law, defendant was not entitled to additional discovery. Accordingly, the trial court did not err by declining to consider defendant's motion to compel.

Affirmed.

/s/ Kathleen A. Feeney
/s/ James Robert Redford
/s/ Christopher P. Yates